745 P.2d 994
STATE of Arizona, Appellee,

v.

Michael Charles WESTON, Appellant.

No. 1 CA–CR 11408.

Court of Appeals of Arizona,
Division 1, Department D.

Nov. 17, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Phoenix, for appellee.

Stephen M.R. Rempe, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FIDEL, Judge.

This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for the defendant asks the court to search the record for reversible error, finding none in his own search. The defendant has been given an opportunity to file a supplemental brief, but has not done so. We publish our disposition as an opinion because we address a restitution issue closely relating to, but unresolved by, our supreme court's recent decisions in *State v. Lukens*, 151 Ariz. 502, 729 P.2d 306 (1986), and *State v. Phillips*, 152 Ariz. 533, 733 P.2d 1116 (1987).

Defendant Michael Charles Weston, charged in cause CR–164302 with trespass, a class 6 felony, criminal damage, a class 2 misdemeanor, and assault, a class 1 misdemeanor, agreed to plead guilty to criminal damage and assault. Weston and the state stipulated that Weston would be placed on three years' probation, receiving three months in the county jail as a term of probation, with credit for time served. The parties further agreed that Weston's probationary term in this cause would run concurrently with probation to be imposed pursuant to a plea agreement which defendant entered on the same date in CR–163407, another case then pending in the same court. In return for the defendant's

plea in the present cause, the state agreed that it would dismiss the trespass charge and that it would not allege prior convictions. The agreement clearly set forth the range of sentences and fines that could be imposed.

Before accepting defendant's guilty plea, the trial court addressed defendant personally and determined that his plea was knowing, voluntary, intelligent, and factually based. Judgment and sentencing were postponed to permit the preparation of a presentence report.

On March 24, 1987, the trial court pronounced judgment, suspended sentence, and placed defendant on two years' probation for the crime of criminal damage, and three years' probation for the crime of assault. He designated the terms of probation as concurrent with each other and with terms of probation imposed in cause number CR–163407. Defendant was ordered to serve three months in the county jail, but received credit for the time he had already served. Defendant was also ordered to pay $46 restitution to his victim. Of this amount, $40 related to the crime of criminal damage and covered the costs of window repair; $6 related to the crime of assault and covered the cost of the victim's visit to a health care clinic.

■ The plea agreement did not indicate that defendant would be required to pay restitution. However, because A.R.S. § 13–603(C) makes restitution mandatory, *State v. Ambalong*, 150 Ariz. 380, 723 P.2d 729 (App.1986), defendant should have been aware that it would be required. *State v. Lukens*, 151 Ariz. at 503, 729 P.2d at 307.[1] Furthermore, before accepting defendant's guilty plea, the trial judge advised defendant that, as a condition of probation, he could be required to pay restitution of economic loss to a victim. Defendant indicated that he understood this requirement. We therefore find no reversible error in the omission of this condition from the plea agreement. We consider, however, whether, under the circumstances of this case, defendant could voluntarily and intelligent-

ly plead guilty without knowing the specific dollar amount of restitution that could be imposed.

■ In *Lukens*, the defendant pled guilty to a crime defined by statutorily prescribed monetary limits, but was ordered to pay restitution in a greater amount than the statutory cap because of her admitted involvement in another crime. The supreme court observed that the defendant "could reasonably, though perhaps erroneously, have assumed that the [restitution] would be limited to ... the statutory cap on the only crime to which she pled guilty and was convicted." 151 Ariz. at 503, 729 P.2d at 307. It therefore held that she could not be required to pay an amount exceeding the "statutorily-prescribed monetary parameters" of the crime to which she had pled guilty, in the absence of her voluntary and intelligent agreement to pay a higher amount. 151 Ariz. at 505, 729 P.2d at 309.

In *Phillips*, the defendant pled guilty to a crime that had no statutorily prescribed monetary parameters and was not informed before his guilty plea of the specific dollar amount that could be imposed. The court concluded that the "defendant must be aware of the specific dollar amounts of restitution that can be imposed before we will find that the defendant voluntarily and intelligently agreed to pay restitution." *Phillips*, 152 Ariz. at 535, 733 P.2d at 1118. It qualified this, however, by observing that the "specific dollar amount" could be phrased either "with particularity" or "in an open-ended manner," *e.g.*, "up to $7,000.00." *Id.* at n. 2.

Here, the trial judge neither informed defendant of the specific dollar amount nor the approximate range of restitution that he would face. However this defendant, unlike the defendant in *Phillips*, pled guilty to a crime defined by statutorily prescribed monetary parameters—criminal damage of $100 or less in violation of A.R.S. § 13–1602. Moreover, the restitution here, unlike that in *Lukens*, did not exceed the monetary parameters of the charge.

1. We note that the statute in effect when *Lukens* was decided has since been amended. *See* Laws 1986, Ch. 248 (37th Legis.2d Reg.Sess.), effective August 13, 1986. The amendment, however, does not affect our analysis here.

Accordingly, defendant could have reasonably calculated that his maximum restitution would be $100. The court imposed restitution in the lesser amount of $46, $40 of which arose from the crime of criminal damage. Because the very charge supplied a range cap that enabled defendant to reasonably approximate the amount of restitution that his criminal damage plea entailed, we conclude that he entered a voluntary and intelligent guilty plea to that offense.

We separately consider defendant's guilty plea to the crime of assault. The defendant was ordered to pay $6 of restitution arising from that charge. The crime of assault, unlike the crime of criminal damage, lacks monetary parameters. This charge, unlike the charge of criminal damage, supplied no range cap that enabled defendant to reasonably calculate his restitution obligation. Because the $6 restitution charge is de minimis, however, and is certainly no more than the defendant should reasonably have anticipated as a medical consequence of his assaultive conduct, we do not believe that *Lukens* and *Phillips* require that defendant's conviction and sentence for assault be set aside.

Pursuant to A.R.S. § 13–4035 we have reviewed the entire record for fundamental, reversible error. We find none.

Upon our filing of this decision, counsel shall inform defendant of the status of the appeal and of his future options. Counsel have no further obligations unless, upon review, they find an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 684 P.2d 154 (1984). Defendant shall have 30 days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

The conviction and probation are affirmed.

BROOKS, P.J., and HAIRE, J., concur.