789 P.2d 1079

**STATE of Arizona, Respondent,**

v.

**Phillip Juarez HERNANDEZ, Petitioner.**

**No. 1 CA–CR 88–1406–PR.**

Court of Appeals of Arizona,
Division 1, Department C.

March 27, 1990.

**579**

Richard Romley, Maricopa County Atty. by H. Allen Gerhardt, Deputy County Atty., Phoenix, for respondent.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for petitioner.

## OPINION

FIDEL, Presiding Judge.

Petitioner, imprisoned pursuant to a guilty plea, sought through post-conviction relief proceedings to withdraw his plea. He contended that the plea was involuntary because the trial court neglected to inform him of the restitution that his plea entailed.

After conducting an evidentiary hearing, the trial court denied relief, finding restitution immaterial to the petitioner's plea deci-

sion. We affirm the trial court's disposition on review.

## FACTS

The pertinent facts are these: Petitioner broke into the home of his estranged wife, sexually assaulted his wife and her daughter over a period of four hours, then forced them to lie on a bed and shot them in the back at close range. Petitioner was charged in a twelve-count indictment with burglary, attempted first-degree murder, kidnapping, sexual assault, and sexual abuse. If convicted on all counts, petitioner faced a maximum prison sentence of 236 years.

Petitioner entered a plea agreement that enabled him to plead guilty to two counts of attempted murder and two counts of sexual assault, all class 2 dangerous felonies. The plea agreement stipulated that the attempted murder sentences would be served concurrently, resulting in a maximum term of 21 years' imprisonment, and that the sexual assault sentences would be served concurrently, resulting in a maximum sentence of 14 years' imprisonment. The agreement left to the court's discretion whether the sentences for attempted murder should run consecutively or concurrently to those for sexual assault.

By this plea agreement, petitioner reduced his maximum sentence exposure from 236 to 35 years. The plea agreement did not inform defendant of the approximate range of his restitution responsibility; nor did the trial court do so at the time the plea was taken. At sentencing, the trial court imposed the maximum sentences available under the plea and made them consecutive where the plea allowed. The court also ordered restitution in the amount of $21,153.86 without objection by defendant or his counsel.

Petitioner asserted in his claim for post-conviction relief that he would not have entered the plea had he known that restitution could exceed $10,000.[1] The trial court

1. Petitioner had earlier raised essentially the same argument on direct appeal. *State v. Hernandez,* 1 CA–CR 11846 (Ariz.App. May 26, 1988) (unpublished memorandum decision).

This court affirmed without addressing the question, however, stating: "Proper procedure in this case would be defendant's filing of a Rule 32 petition for post-conviction relief in the

conducted an evidentiary hearing and disposed of the petitioner's claim as follows:

A review of the sentencing hearing transcript and the ... facts makes clear what each party was bargaining for in this plea agreement. The State bargained for the certainty of conviction and a lengthy prison sentence and to avoid the possibility of a not guilty verdict based upon the defendant's claim that he was suffering from post-traumatic stress disorder. Defendant apparently had an expert ready to so testify. Defendant was bargaining for a sentence which made it possible that he would not spend the rest of his life imprisoned. Indeed, this judge expressed the fear at sentencing that the plea agreement was too lenient due to that possibility.

While it is clear that Defendant had no knowledge of the appropriate amount of restitution to be ordered, his crimes are so aggravated and the price of conviction on all counts so high that *this Court rejects as palpably false any claim that* an $11,153.86 difference in restitution, or *the possibility of $21,153.86 in restitution was a relevant and material factor in Defendant's decision to enter into this plea agreement. Defendant's claim flies in the face of common sense.*

(Emphasis added.)

From the trial court's disposition, the petitioner sought timely review.

## REVIEW OF CASE LAW

In a string of recent cases, Arizona courts have discussed the relationship of restitution disclosure to the voluntariness of plea agreements. *See, e.g., State v. Crowder,* 155 Ariz. 477, 747 P.2d 1176 (1987); *State v. Phillips,* 152 Ariz. 533, 733 P.2d 1116 (1987); *State v. Lukens,* 151 Ariz. 502, 729 P.2d 306 (1986); *Maricopa County Juv. Action No. JV–110720,* 156 Ariz. 430, 752 P.2d 519 (App.1988). The following points may be abstracted from these cases:

A. When a court takes a guilty plea, it must inform defendant of the precise

trial court. *State v. Crowder,* 155 Ariz. 477, 747

amount of his restitution liability or of the approximate monetary range in which it falls. *Lukens,* 151 Ariz. at 505, 729 P.2d at 309.

B. The court's failure to discharge this responsibility does not assure the defendant relief on direct appeal. Challenges to the voluntariness of a plea should first be presented to the trial court by petition for post-conviction relief. *Crowder,* 155 Ariz. at 479, 747 P.2d at 1178.

C. The trial court's inquiry entails several steps, which we have previously summarized as follows:

[1] The first step is to determine the pleader's knowledge of his restitution liability; such inquiry is not limited to the plea agreement or to the transcript of entry of the plea, but extends to the entire record to determine what the pleader "knew from any source." [*Crowder,*] 155 Ariz. at 479, 747 P.2d at 1178.

[2] If the extended record does not reflect that the pleader has sufficient knowledge of his restitution exposure to enable the court to categorize his agreement to pay restitution as "knowing," then, as a second stage of inquiry, "the court must ... determine whether such lack of knowledge was relevant and material to the making of the plea agreement." [*Id.*] at 482, 747 P.2d at 1181. Only if "the approximate amount of restitution was unknown to defendant *and was a relevant and material factor* in defendant's decision to plead" must the trial court give the defendant the opportunity to withdraw the plea. [*Id.* (emphasis added).]

[3] If the question of restitution was inconsequential to the pleader's decision making process, then his lack of knowledge ... does not entitle him to withdraw from the plea, but only "to an evidentiary hearing to determine the exact amount of restitution he must pay." *Id.*

*JV–110720,* 156 Ariz. at 433, 752 P.2d at 522.

P.2d 1176 (1987)."

When issues of relevance and materiality are raised, "the facts will be examined with a very critical eye." *Crowder*, 155 Ariz. at 482, 747 P.2d at 1181.

> In the great majority of cases ... either the nature of the charges, the advantage of the plea bargain, the circumstances of the individual defendant, or the probable length of the sentence will ... make it very clear that the precise amount of restitution could not have been a relevant factor in the decision-making process.

*Id.*

### APPLICATION OF CASE LAW

We articulate no new principles in this decision; we merely summarize established principles and apply them. We would normally do so in an unpublished decision. We designate this as an opinion for publication, however, because it so well illustrates the last point abstracted above.

The petitioner asserted that the amount of restitution was material to his plea decision. The trial court properly examined that assertion with "a critical eye." The trial court carefully explained its rejection of petitioner's position in a detailed minute entry ruling. The trial court found that the petitioner was bargaining for a sentence that reduced his maximum prison exposure from 236 to 35 years and "made it possible that he would not spend the rest of his life imprisoned." The court's conclusion that the amount of restitution was immaterial to this bargain is persuasive and entitled to our deference.

Review granted, relief denied.

GERBER and EUBANK, JJ., concur.