810 P.2d 631

STATE of Arizona, Appellee,

v.

Marilyn Marie SCROGGINS, Appellant.

No. 1 CA–CR 90–224.

Court of Appeals of Arizona,
Division 1, Department C.

May 2, 1991.

Grant Woods, The Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for appellant.

## OPINION

EHRLICH, Presiding Judge.

Marilyn Marie Scroggins, the defendant, appeals from her conviction for aggravated assault and from the sentence imposed. For the reasons stated below, we affirm the conviction, but vacate the restitution order and remand this matter for a determination of restitution.

The defendant was charged with armed robbery. At a change-of-plea hearing, the defendant, in accordance with a written plea agreement, agreed to plead no contest to aggravated assault, a class 3 felony and a non-dangerous offense. The agreement set forth the range of sentence and the maximum fine. The parties stipulated that there were no sentence agreements, except that the defendant would pay a $2000 fine plus a 37% surcharge to the Arizona Drug Enforcement Account and make restitution to the victim for damages and medical expenses not to exceed $2000. The state agreed to dismiss two other cases, one of which charged two drug offenses.

The trial court addressed the defendant personally and determined that the plea was knowing, voluntary, intelligent and factually-based, but it deferred acceptance of the plea until sentencing. Judgment and sentencing were postponed to permit preparation of a presentence report.

The presentence report stated that the victim had received sutures in his arm. However, it did not provide the amount of his economic loss.

Prior to sentencing, the defendant moved to withdraw from the plea agreement because of the possibility that she could receive the maximum sentence. The court denied the motion and entered its judgment of guilt. It then articulated aggravating factors as required by A.R.S. § 13–702(B) and sentenced the defendant to an aggravated, but not the maximum, term of 8 years' imprisonment, with credit for 78 days served prior to sentencing. The trial court also ordered the defendant to pay restitution of not more than $2000 to the victim and $2740 to the Arizona Drug Enforcement Account.

On appeal, the defendant argues that the trial court improperly ordered restitution without proving the amount of the victim's loss. She also contends that the court improperly imposed a fine payable to the drug enforcement account when she was not convicted of a drug offense.

The state maintains that the court's order of restitution, which reflects a $2000 limit, should remain until the court decreases the restitution upon a showing by the defendant of the changed circumstances of the victim. The state also responds that the $2740 was properly imposed and designated for the drug enforcement account.

■ A person convicted of an offense is required to make restitution to the victim in the full amount of the victim's economic loss. A.R.S. § 13–603(C). A court has discretion to set the amount of restitution according to the facts. *State v. Taylor*, 158 Ariz. 561, 564, 764 P.2d 46, 49 (App. 1988); *see State v. Iniguez* (Ariz.App., April 11, 1991). If it lacks sufficient evidence to support a finding of the amount, it may conduct a hearing, A.R.S. § 13–804(F), but some evidence must be presented that the amount bears a reasonable relationship to the victim's loss before restitution can be imposed. *State in Interest of Besendorfer*, 568 P.2d 742, 744 (Utah 1977); *State v. Trivedi*, 8 Ohio App.3d 412, 416, 457 N.E.2d 868, 873 (1982).

■ In this case, the trial court stated at the change-of-plea hearing that it would set the "precise amount of restitution at the time of sentence." At sentencing, however, no evidence was presented as to the amount of the victim's loss. The court simply ordered the defendant to pay the maximum restitution. The state contends that such an order was fitting because the defendant later may petition the court to decrease the amount pursuant to A.R.S. § 13–804(I). That statute, however, allows a defendant to petition the court for a change in the *manner* of restitution payment previously determined and not the amount. More importantly, A.R.S. § 13–603(C) imposes upon the trial court an affirmative duty to determine the amount of the victim's economic loss and to order restitution in that amount. A fair interpretation of the statutes suggests that this determination occur as a part of sentencing when the parties and the evidence are available and the defendant's obligations to society are being defined. We therefore find that the trial court improperly ordered restitution of $2000 and remand the matter for an evidentiary hearing to determine the amount of restitution in accordance with A.R.S. § 13–804(F).

■ Regarding the defendant's second argument as to the fine imposed, A.R.S. § 13–801(A) allows a fine for a felony of up to $150,000 and A.R.S. § 41–2403(A) permits the surcharge.

> [T]he defendant must be aware of [the] maximum amount of the fine which can be imposed before a plea may be said to be voluntarily and intelligently made. The distribution of the fine, whether to the state or to the victim, is irrelevant to the determination of a knowledgeable plea.

*State v. King*, 157 Ariz. 508, 510, 759 P.2d 1312, 1314 (1988).

The defendant in this case was convicted of a felony, acknowledged that a maximum fine of $150,000 plus a 37% surcharge could be imposed, and agreed to pay $2740 to the drug enforcement account. She also agreed to the dismissal of two charges of drug offenses. The distribution of the fine did not affect the defendant's obligation.

The trial court properly ordered the $2740 payable to the drug enforcement account.

We have searched the record for fundamental error pursuant to A.R.S. § 13–4035 and have found none.

The order of restitution is vacated and the matter is remanded to the trial court for an evidentiary hearing to determine the restitution amount. The conviction and sentence otherwise are affirmed.

FIDEL, V.C.J., and TAYLOR, J., concur.