818 P.2d 251

**STATE of Arizona, Appellee,**

v.

**Robert Lynn FANCHER, Appellant.**

**No. 1 CA–CR 90–1468.**

Court of Appeals of Arizona,
Division 1, Department C.

Oct. 1, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Div., Mark Edward Hessinger, Asst. Atty. Gen., Phoenix, for appellee.

C. Kenneth Ray II, P.C. by C. Kenneth Ray II, Phoenix, for appellant.

OPINION

EUBANK, Judge.

The defendant, Robert Lynn Fancher, was charged by information with criminal damage, in an amount of $1,000.00 or more, but less than $1,500.00, a class 6 felony. It appears from the record that in exchange for his agreement to waive his right to a jury, the state reduced the charge against him to criminal damage, a class 2 misdemeanor. The matter proceeded to trial before the court, and defendant was convicted. Later, the imposition of sentence was suspended, and defendant was placed on probation for one year. Defendant did not appeal from the judgment and sentence of probation.

The trial court continued the restitution hearing so that the appropriate amount could be determined. At the hearing, it was established that the victim's loss was $1,185.10. Defendant did not contest the amount of loss suffered by the victim, but argued that the court could not order any amount greater than $250.00, the maximum amount of damage for a class 2 misdemeanor pursuant to A.R.S. § 13–1602(B)(4). The trial court disagreed and ordered restitution as noted. Defendant timely appealed.[1] He raises the same argument on appeal.

---

1. Although piecemeal appeals are disfavored, we note that "[t]he order of restitution is a separately appealable order." *State v. French,*

The state argues that the trial court had jurisdiction and, in fact, was required to order restitution for the full amount of economic loss pursuant to A.R.S. §§ 13–603(C) and 13–804(B). For the reasons stated below, we conclude that the trial court properly ordered the defendant to pay full restitution.

### DISCUSSION

*Background*

It is well established that:

A defendant may be ordered to pay restitution only for an offense that he has admitted, upon which he has been found guilty or on which he has agreed to pay restitution. *State v. Whitney*, 151 Ariz. 113, 114, 726 P.2d 210, 211 (App. 1985).

*State v. Ferguson*, 165 Ariz. 275, 277, 798 P.2d 413, 415 (App.1990).

Although in *State v. Lukens*, 151 Ariz. 502, 505, 729 P.2d 306, 309 (1986), our supreme court held that "a defendant cannot be required to pay restitution in an amount exceeding statutorily-prescribed monetary parameters of the crime to which he pleads guilty unless he voluntarily and intelligently agrees to pay a higher amount," our court decisions have made it clear that this restriction applies only to plea agreement cases.

In *Lukens*, the defendant pled guilty to a crime defined by statutorily prescribed monetary limits, but was ordered to pay restitution in a greater amount than the statutory cap.... The supreme court observed that the defendant "could reasonably, though perhaps erroneously, have assumed that the [restitution] would be limited to ... the statutory cap on the only crime to which she pled guilty...."

*State v. Weston*, 155 Ariz. 247, 248, 745 P.2d 994, 995 (App.1987) (citation omitted).

In *State v. Crowder*, 155 Ariz. 477, 747 P.2d 1176 (1987), the supreme court noted that absent other advice, where a defendant

166 Ariz. 247, 248 n. 3, 801 P.2d 482, 483 n. 3

pleads to a crime which has statutorily prescribed monetary parameters, defendant would necessarily have reason to expect the amount of restitution to be within those parameters. *See, e.g.,* A.R.S. § 13–1802(C); *cf. State v. Lukens*, 151 Ariz. 502, 729 P.2d 306 (1986).

*Id.* at 480, 747 P.2d at 1179. Otherwise, the plea would not be a knowing, voluntary, or intelligent one. The defendant's erroneous belief or expectation that restitution would not exceed the statutory cap is the basis for rendering the plea in *Lukens* involuntary. "When a court takes a guilty plea, it must inform defendant of the precise amount of his restitution liability or of the approximate monetary range in which it falls." *State v. Hernandez*, 163 Ariz. 578, 580, 789 P.2d 1079, 1081 (App.1990).

Any doubts that *Lukens* and *State v. Phillips*, 152 Ariz. 533, 733 P.2d 1116 (1987), were not rooted in the constitutional requirement that a plea must be made knowingly, voluntarily, and intelligently were laid to rest in *State v. Adams*, 159 Ariz. 168, 170, 765 P.2d 992, 994 (1988). "*Phillips* and *Lukens*, however, do not create a new rule. The underlying theory of both cases is that a valid plea is one made knowingly and intelligently." *Id.* Courts have not held that a defendant could not be ordered to pay restitution in a greater amount than the statutory cap. If the trial court informs a defendant of the amount of restitution, which may be in excess of the statutorily prescribed monetary parameters, the plea is not involuntary and the trial court may order full restitution. *See Crowder*, 155 Ariz. at 479, 747 P.2d at 1178.

*The Present Case*

In this case, defendant did not plead guilty, and thus the *Lukens* restriction does not apply. The issue then is whether the maximum amount of restitution is frozen by the charging document. Because restitution is neither punishment nor an element of the offense, we conclude that a trial court has the authority to order restitution in full for damages caused by the criminal offense.

(App.1990).

As noted, a trial court has the authority and obligation to order restitution to the victim "in the full amount of the economic loss." A.R.S. § 13–603(C). "Economic loss" is defined as "any loss incurred by a person as a result of the commission of an offense." A.R.S. § 13–105(11). Restitution is not surrounded by the panoply of protections afforded a defendant at trial. So long as the procedure leading to a restitution award is such that defendant is given the opportunity to contest the information on which the restitution award is based, to present relevant evidence, and to be heard, due process is satisfied. *See United States v. Palma*, 760 F.2d 475, 477 (3d Cir.1985). As stated by this court:

> A court has discretion to set the amount of restitution according to the facts. *State v. Taylor*, 158 Ariz. 561, 564, 764 P.2d 46, 49 (App.1988); *see State v. Iniguez*, (Ariz.App. April 11, 1991). If it lacks sufficient evidence to support a finding of the amount, it may conduct a hearing, A.R.S. § 13–804(F), but some evidence must be presented that the amount bears a reasonable relationship to the victim's loss before restitution can be imposed. *State in Interest of Besendorfer*, 568 P.2d 742, 744 (Utah 1977); *State v. Trivedi*, 8 Ohio App.3d 412, 416, 457 N.E.2d 868, 873 (1982).

*State v. Scroggins*, 168 Ariz. 8, 9, 810 P.2d 631, 632 (App.1991). After describing the due process protections invoked by restitution proceedings, the *Scroggins* court noted:

> A.R.S. § 13–603(C) imposes upon the trial court an affirmative duty to determine the amount of the victim's economic loss and to order restitution in that amount. A fair interpretation of the statutes suggests that this determination occur as a part of sentencing when the parties and the evidence are available and the defendant's obligations to society are being defined.

*Id.*

Restitution is part of the sentencing process, *State v. Cummings*, 120 Ariz. 69, 71, 583 P.2d 1389, 1391 (App.1978), and "once the defendant has been convicted[,] the trial judge may order restitution for the amount of loss [the court] finds the criminal violation caused." *United States v. Sleight*, 808 F.2d 1012, 1016 (3d Cir.1987) (quoting *United States v. Lemire*, 720 F.2d 1327, 1353 (D.C.Cir.1983), *cert. denied*, 467 U.S. 1226, 104 S.Ct. 2678, 81 L.Ed.2d 874 (1984)). The purpose of restitution is not to punish, but to make the victim whole. *State v. Howard*, 163 Ariz. 47, 51, 785 P.2d 1235, 1239 (App.1989). "[R]estitution to a victim of crime is not a criminal punishment exacted by the state...." *State v. Reese*, 124 Ariz. 212, 215, 603 P.2d 104, 107 (App.1979). As such, restitution orders in excess of amounts alleged in charging documents on which convictions were based have been affirmed. *See* Annotation, *Requirement, as Condition of Probation, Pursuant to 18 USCS § 3651, That Defendant Make Restitution to Aggrieved Parties*, 71 A.L.R.Fed. 789, 809–10 (1985). Therefore, we are persuaded that a trial court may order full restitution for a criminal offense. Here, the trier of fact found that beyond a reasonable doubt defendant committed the crime of criminal damage. Thus, liability has been established and the *degree of punishment* has been set. As noted above, restitution is not an element of the offense nor punishment exacted by the state. It is the act of restoring or making the victim whole and does not require proof beyond a reasonable doubt. *See Scroggins*, 168 Ariz. at 9, 810 P.2d at 632. The determination of the amount of restitution is part of the sentencing function of the court and is bound by different rules than the adjudication of guilt. Courts have recognized that the fact finding necessary for sentencing is the responsibility of the sentencing judge. *See id.* So long as the due process considerations outlined above are met, the trial court is obligated to order the defendant to pay full economic restitution to the victim.

For all these reasons, the trial court's order of restitution is affirmed.

GRANT, P.J., and KLEINSCHMIDT, J., concur.