825 P.2d 471

**STATE of Arizona, Appellee,**

v.

**Thomas Franklin LEWUS, Appellant.**

**No. 1 CA–CR 90–1393.**

Court of Appeals of Arizona, Division 1, Department E.

Jan. 30, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Div., and Joseph T. Maziarz, Asst. Atty. Gen., Phoenix, for appellee.

Neal W. Bassett, Phoenix, for appellant.

## OPINION

VOSS, Judge.

Defendant, Thomas Franklin Lewus, pled no contest to leaving the scene of an injury accident, a class 6 felony. On appeal defendant argues that the trial court erred when it imposed restitution by order without his presence. We agree with defendant.

## FACTS

As part of his plea agreement, defendant agreed to pay restitution not to exceed

$3,000. At the change of plea proceeding the trial judge notified defendant that he would be required to pay restitution in an amount not to exceed $3,000. The prosecutor pointed out that at that point in time, the victim had incurred $600.00 in medical bills and an insurance deductible of $200.00. A presentence report was prepared in anticipation of sentencing. In the report, the investigator stated, "The victims are requesting restitution in the total amount of $2,469.90."

At sentencing, defense counsel[1] argued that *State v. Skiles,* 146 Ariz. 153, 704 P.2d 283 (App.1985), prohibited the judge from imposing restitution for injuries or damages arising out of the accident when defendant only pled to leaving the scene of the accident. The parties then discussed whether restitution was proper under the plea agreement and whether restitution was being imposed for the dismissed counts. The trial judge told defendant that he was going to impose restitution based upon the dismissed counts and gave defendant the opportunity to withdraw from the plea.

Defendant declined to withdraw from the plea. The judge then stated that he was going to set a restitution hearing so "I can afford greater consideration to this issue because I'm going to require you to file memoranda in the interim." The judge ordered the attorneys to file memoranda on whether restitution was legally appropriate.

The parties filed motions addressing the issue of whether restitution could be imposed pursuant to the plea agreement. At the restitution hearing both counsel agreed that the judge could take the matter under advisement and make a decision based on the written motions. Defense counsel then stated, "I advised my client if restitution is going to be ordered, that it would be handled through the probation department. They will advise him. If there is no restitution, then they likewise will advise him of that."

Subsequently, the judge by minute entry found that restitution was legally appropriate:

The matter of restitution was taken under advisement.

The Court has also considered defendant's Motion to Dismiss Restitution and Response thereto. Defendant's motion is based primarily on *State v. Skiles,* 146 Ariz. 153, 704 P.2d 283 (App.1985). For the following reasons, the Court finds that *Skiles* is distinguishable, and that restitution is appropriate.

In this case, defendant was originally charged with two counts of felony drunk driving and one count of leaving the scene of an injury accident. In exchange for his plea or [sic] no contest to the latter, the two felony drunk driving counts were dismissed. The plea agreement provided that defendant would pay restitution not to exceed $3,000.00. Finally, the defendant made statements to police and presentence investigator which indicate culpability for the accident.

IT IS ORDERED denying defendant's Motion to Dismiss Restitution.

IT IS FURTHER ORDERED adding term 12(a) to the terms of probation. Defendant shall pay restitution in the total amount of $2,469.90 at the rate of $100.00 per month....

Defendant filed a petition for post-conviction relief requesting that he be permitted to file a delayed appeal. The trial court granted the request and this appeal followed.

## DISCUSSION

On appeal defendant argues that because the trial judge imposed the amount of restitution by order, he was denied his right to be present at sentencing and therefore denied his right of allocution. He does not argue that restitution in this case was legally improper.[2]

---

1. A different public defender represented defendant at sentencing.

2. We do note that restitution in this instance was proper. In *State v. Phillips,* 152 Ariz. 533, 733 P.2d 1116 (1987), the supreme court held that a trial court does not abuse its discretion in

■ Rule 26.9, Arizona Rules of Criminal Procedure, provides that a defendant shall be present at sentencing. Restitution is part of the sentencing process, *State v. Cummings*, 120 Ariz. 69, 583 P.2d 1389 (App.1978), and once the defendant has been convicted, the trial judge shall order restitution for the amount of loss the criminal violation caused. Ariz.Rev.Stat.Ann. § 13–603(C).

■ In a recent case, *State v. Fancher*, 169 Ariz. 266, 818 P.2d 251 (App.1991), we discussed the due process considerations surrounding a restitution order. We stated that since imposition of a restitution order does not afford a defendant the same protection he would receive at trial, the procedure leading to a restitution award must give a defendant an opportunity to contest the information on which the award is based. *Id.* at 267–68, 818 P.2d at 252–53. We stated that defendant must be given the opportunity to present relevant evidence and to be heard. *Id.*

In *State v. Scroggins*, 168 Ariz. 8, 810 P.2d 631 (App.1991), we stated that the amount of the victim's economic loss should be determined as a part of sentencing, when the parties and the evidence are available and defendant's obligations to society are being defined.

We find that defendant's due process rights were not properly protected because he was not given an opportunity to contest the information on which the award was based. Once the judge determined that restitution was appropriate, he ordered the amount recommended in the presentence report by minute entry. Correction of the sentence should have been in open court with the defendant present. Ariz. R.Crim.P. 26.9.

Defendant did not waive his due process right to be heard as to the amount of restitution. It is clear from the transcript of the sentencing hearing and the restitution hearing that the only issue counsel stipulated that the judge take under advisement was the legality of imposing restitution, not the actual amount of restitution. Counsel's motions to the court addressed only the legality of restitution. Neither party addressed the amount of restitution nor the monthly payments defendant could afford. It is also clear from the minute entry that the only issue the judge considered was the legality of restitution.

Furthermore, the restitution hearing that was held, and at which defendant was present, did not protect defendant's due process rights. The only issue discussed at the hearing was the legality of restitution. Once the judge determined that restitution was legally appropriate, he should have afforded defendant an opportunity to contest the information on which the award was based or, if the appropriate amount of the award was evident from the facts before the trial judge, ordered defendant's presence when he imposed restitution. *See Scroggins*, 168 Ariz. at 9, 810 P.2d at 632.

The state, in its answering brief, agrees that the only issue the trial judge took under advisement was the legality of restitution under the plea agreement. However, the state argues that defendant never challenged the amount of restitution set forth in the presentence report and thus has waived that argument here. Defendant was not required to contest the amount of restitution when the legality of the restitution order was still in issue. Additionally, there was no reason for defendant to believe that the amount of restitution stated in the presentence report was firm. The report merely stated that the victims were requesting $2,469.90 and that the officer felt the defendant should be held responsible for that amount. At the time of the change of plea hearing, three weeks before the presentence report was prepared, the victim had incurred only $800.00 in medical and other bills relating to the accident.

Citing *State v. Georgeoff*, 163 Ariz. 434, 788 P.2d 1185 (1990), the state argues that if defendant wished to challenge the amount of restitution he should have done

---

ordering a defendant to pay restitution if the defendant agrees to pay restitution pursuant to a plea agreement or otherwise. The court dis-

tinguished *Skiles*, noting that in *Skiles* the defendant never agreed to make restitution to his victim.

so in his petition for post-conviction relief. In *Georgeoff,* the court held that a breach of a plea agreement must not be raised for the first time on appeal. Here defendant does not argue that there was a breach of a plea agreement; defendant is contesting the method of pronouncement of a restitution order.

We vacate the restitution order imposed and remand for proceedings consistent with this opinion.

FIDEL, P.J., and SHELLEY, J., concur.

NOTE: The Honorable Melvyn T. Shelley, a retired judge of the Court of Appeals, was authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Ariz. Const. art. VI, § 20.