NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

OSCAR MORALES-CARRILLO, *Appellant.*

No. 1 CA-CR 12-0391
FILED 3-25-2014

---

Appeal from the Superior Court in Maricopa County
No. CR2009-006257-002
The Honorable Michael D. Jones, Judge (Retired)

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Myles Braccio
*Counsel for Appellee*

Ballecer & Segal, Phoenix
By Natalee E. Segal
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

---

**G O U L D,** Judge:

¶1        Oscar Morales-Carrillo appeals the restitution order imposed following his conviction and sentence for aggravated assault. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2), 13-4031, and 13-4033(A).

**Facts and Procedural History**

¶2        Following the beating and shooting death of G.G., Morales-Carrillo and his co-defendants Christian Molina and Jose Carrillo were each charged with aggravated assault (causing "serious physical injury"), a class three dangerous felony; Jose Carrillo also was charged with first-degree murder. A jury convicted Morales-Carrillo of aggravated assault, a non-dangerous offense, and Molina of the lesser-included offense of assault; in a separate trial after a mistrial, a jury convicted Carrillo of the charged offenses. The jury found as an aggravating factor that Morales-Carrillo's offense involved the presence of an accomplice, and the court imposed a four-year term of probation, with four months in jail as one of its terms.

¶3        At a restitution hearing, the victim's sister testified that the family incurred in excess of $40,000 in expenses as a result of G.G.'s injuries and death, including funeral expenses, the cost of travel to and from their home in El Paso, Texas, for court hearings, lost wages, meals, and the cost of tires and a tune-up for the automobile they used for the travel. The trial court found that all of the monies requested by the family were necessary and reasonable. The trial court further found that the victim had died as a result of the concerted action of Morales-Carrillo and his two co-defendants, Jose Carrillo and Christian Molina, and that each defendant therefore should be held jointly and severally liable for all of the claimed expenses, including the funeral expenses. Morales-Carrillo appealed the restitution order.

**Discussion**

**¶4**         Morales-Carrillo argues that his conduct did not cause the victim's death, and the court accordingly erred in ordering him to pay restitution for funeral expenses.   Economic losses are recoverable as restitution if they would not have been incurred except for the defendant's criminal conduct, and they were directly caused by his criminal conduct. *State v. Wilkinson,* 202 Ariz. 27, 29, ¶ 7, 39 P.3d 1131, 1133 (2002).   We review a court's restitution order for abuse of discretion, *State v. Slover,* 220 Ariz. 239, 242, ¶ 4, 204 P.3d 1088, 1091 (App. 2009), viewing the facts in the light most favorable to supporting its decision.   *State v. Lewis*, 222 Ariz. 321, 323, ¶ 2, 214 P.3d 409, 411 (App. 2009).

**¶5**         The record on appeal does not provide this court any basis to conclude that the trial court abused its discretion.   In holding Morales-Carrillo jointly and severally liable for all of the claimed expenses, including funeral expenses, the trial court properly considered Morales-Carrillo's individual criminal conduct and the conduct "undertaken in concert with others."   *Lewis*, 222 Ariz. at 327, ¶ 18, 214 P.3d at 415; *cf.* A.R.S. § 13-804(F) ("If more than one defendant is convicted of the offense that caused the loss, the defendants are jointly and severally liable for the restitution.").     Morales-Carrillo specified that only the record of the restitution hearing be forwarded to this court on appeal.   No evidence was presented at the restitution hearing on the issues of liability or causation. In reciting the facts underlying its restitution order, the court clearly relied instead on evidence introduced at trial.   *See* A.R.S. § 13-804(I) (restitution order "may be supported by . . . any evidence previously heard by the judge during the proceedings").   Because Morales-Carrillo failed to ensure that the record underlying the trial court's finding was forwarded to this court, we presume the record supported the trial court's finding.   *State v. Zuck*, 134 Ariz. 509, 512-13, 658 P.2d 162, 165-66 (1982).   We accordingly find no abuse of discretion in the trial court's order holding Morales-Carrillo liable for funeral expenses.

**¶6**         Morales-Carrillo also argues that he was denied due process because he was not afforded an opportunity to review the documents supporting the restitution request, or to adequately cross-examine the witness who prepared them.   Due process entitles a defendant to "the opportunity to contest the information on which the restitution award is based, to present relevant evidence, and to be heard." *State v. Fancher*, 169 Ariz. 266, 268, 818 P.2d 251, 253 (App. 1991).   Morales-Carrillo failed to raise any claim of denial of due process at the hearing or in a post-hearing

brief, limiting this court to review for fundamental error only. *See State v. Henderson,* 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005).

**¶7**        Morales-Carrillo has failed to demonstrate that he was denied due process. The victim's sister testified as to the total financial loss suffered by the family as a result of the defendants' criminal conduct, and defense counsel cross-examined her on specific claimed expenses. Although the documents offered as exhibits at the hearing did not itemize every loss, Morales-Carrillo does not dispute the state's avowal that the prosecutor had forwarded a spreadsheet documenting all of the losses to defense counsel several months before the restitution hearing. Moreover, the record reflects that defense counsel had the opportunity to view the entire spreadsheet on a computer at the hearing, and to cross-examine the witness who had prepared it, and that the prosecutor agreed to forward electronic copies of the spreadsheet and supporting receipts to defense counsel within a week. The trial court in turn granted counsel 45 days to file supplemental briefs outlining their objections to the restitution claims. On this record, this court is not persuaded that Morales-Carrillo was denied an opportunity to contest the basis for the restitution award.

**¶8**        Morales-Carrillo finally argues that the victim's family was not entitled to restitution for costs incurred attending his first trial, which he contends ended in a mistrial. Morales-Carrillo has failed to cite to any portion of the record showing that a mistrial was declared as to him, and we can find none. Insofar as this record reflects, the trial court declared a mistrial only as to his co-defendant, Jose Carrillo. The trial court denied a mistrial as to Morales-Carrillo, and the jury shortly thereafter convicted him of aggravated assault. This argument accordingly fails for lack of support in the record.

## Conclusion

¶9        For the foregoing reasons, we affirm the restitution order.



Ruth A. Willingham · Clerk of the Court
FILED: MJT