IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

E.H., *Petitioner,*

*v.*

THE HONORABLE DAN SLAYTON, Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for the County of COCONINO,
*Respondent Judge,*

COCONINO COUNTY ATTORNEY'S OFFICE; JASON CONLEE;
LILLIAN HESTER; LENDA HESTER,
*Real Parties in Interest.*

No. 1 CA-SA 20-0268
FILED 4-20-2021

Petition for Special Action from the Superior Court in Coconino County
No. CR2016-00433, CR2016-00434, CR2016-00435
The Honorable Dan R. Slayton, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Arizona Voice for Crime Victims, Phoenix
By Colleen Clase, Jessica Gattuso, Robert Swinford
*Counsel for Petitioner*

Craig Williams Attorney at Law, P.L.L.C., Prescott
By Craig Williams
*Counsel for Real Party in Interest Lenda Hester*

Zickerman Law Office, Flagstaff
By Adam Zickerman
*Counsel for Real Party in Interest Jason Conlee*

Coconino County Attorney's Office, Flagstaff
By Michael S. Tunink, Stacy L. Krueger, Kory Koerperich
*Counsel for Real Party in Interest Coconino County Attorney's Office*

---

## OPINION

Presiding Judge David B. Gass delivered the opinion of the Court, in which Judge Michael J. Brown and Judge David D. Weinzweig joined.

---

**G A S S**, Judge:

**¶1**      E.H. seeks special action review of the superior court's order denying her claim for restitution under the Victims' Bill of Rights (VBR). Because the superior court should have allowed E.H.'s claim as timely, we accept special action jurisdiction and grant relief by vacating the order. We remand the matter for an evidentiary hearing on E.H.'s claim, expressing no opinion on its merits.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**      In 2018, a jury convicted Lillian Hester in the abuse and murder of six-year-old J.H., her nephew. *See State v. Hester*, 1 CA-CR 18-0770, 2019 WL 7176316 (Ariz. App. Dec. 24, 2019). E.H. is J.H.'s older sister. On her first petition for special action, this court held E.H. is a qualifying victim under A.R.S. § 13-4401(19). *E.H. v. Slayton (Slayton I)*, 245 Ariz. 331, 334, ¶ 10 (App. 2018). She, therefore, is entitled to all rights guaranteed by the VBR. *Id.*; *see also* Ariz. Const. art. II, § 2.1.

**¶3**      The State also charged J.H.'s grandmother, Lenda Hester, and Jason Conlee, Lillian Hester's boyfriend, in J.H.'s death. *See E.H. v. Slayton (Slayton II)*, 249 Ariz. 248, 252, ¶ 3 (2020). They ultimately pled guilty to the lesser charge of child endangerment and agreed to pay a maximum $500,000.00 in restitution. *Id.* The superior court accepted the pleas and, at sentencing, ordered they each be jointly and severally liable for no more

2

than $500,000.00 in restitution. E.H.'s second special action challenged the "caps on restitution based upon her constitutional and statutory rights to restitution under the [VBR]." *Id.* at ¶¶ 4–6.

¶4        While her second petition was pending before the supreme court, E.H. filed a restitution claim seeking $3,322,880.20 for J.H.'s lost future wages and requesting an evidentiary hearing if any of the three defendants objected. Each defendant filed a separate objection. Among other arguments, Lillian and Lenda Hester contended E.H. waived her claim by failing to raise it at their sentencings.

¶5        The superior court agreed, finding E.H.'s claim was untimely and denying it without an evidentiary hearing. The superior court cited E.H.'s failure to file her claim before the sentencings and reasoned the amount of her request "would have been a significant factor and a very extremely relevant factor for the defendants to determine as to whether or not they would enter into the plea in this case."

¶6        Several months later, the supreme court issued its decision in E.H.'s second special action, holding restitution caps in plea agreements require victim consent. *Id.* at 251–52, ¶ 1 (citing Ariz. Const. art. II, § 2.1(A)(8); A.R.S. § 13-603.C). Because E.H. objected to the restitution cap in the two plea agreements, the supreme court vacated that portion of the agreements. *Id.* at 256, ¶ 28. The supreme court then directed the superior court "to allow the defendants the opportunity to move to withdraw from their plea agreements upon a showing that the inclusion of the cap on restitution was material and relevant to their decision to plead guilty." *Id.* When E.H. learned the defendants would not seek to withdraw from their plea agreements, she filed this petition for special action relief from the superior court's denial of her restitution claim.

## SPECIAL ACTION JURISDICTION

¶7        "Special action jurisdiction is highly discretionary but may be appropriate when no equally plain, speedy, and adequate remedy by appeal exists. Jurisdiction is also appropriate in matters of statewide importance, issues of first impression, cases involving purely legal questions, or issues that are likely to arise again." *Prosise v. Kottke*, 249 Ariz. 75, 77, ¶ 10 (App. 2020) (quotations omitted).

¶8        As a crime victim, E.H. has standing to seek special action relief from the superior court's denial of her restitution claim. *See* A.R.S. § 13-4437.A; Ariz. R.P. Spec. Act. 2(a)(2). Because E.H.'s "petition raises legal questions of first impression and statewide importance," we exercise

our discretion and accept jurisdiction. *See Hiskett v. Lambert*, 247 Ariz. 432, 435, ¶ 10 (App. 2019).

**ANALYSIS**

**¶9** E.H. argues the superior court's denial of her claim violated her rights under the VBR and conflicted with the supreme court's due process analysis in *Slayton II*. This court reviews *de novo* questions of statutory and constitutional interpretation. *State v. Ramsey*, 211 Ariz. 529, 532, ¶ 5 (App. 2005). When reviewing the VBR and its implementing statutes, we are mindful of the legislature's directive to construe the statutes liberally "to preserve and protect the rights to which victims are entitled." *See* A.R.S. § 13-4418.

**¶10** "Restitution of full economic loss to a victim of a crime is mandatory under our sentencing statutes." *State v. Lindsley*, 191 Ariz. 195, 197 (App. 1997) (citing A.R.S. §§ 13-603.C, -804); *see also* Ariz. Const. art. II, § 2.1(A)(8). Subsection 13-603.C "imposes upon the trial court an affirmative duty to determine the amount of the victim's economic loss and to order restitution in that amount." *State v. Scroggins*, 168 Ariz. 8, 9 (App. 1991). When setting the amount of restitution, the superior court must "consider all losses caused by the criminal offense or offenses for which the defendant has been convicted." A.R.S. § 13-804.B.

**¶11** No rule or statute imposes a deadline for claiming restitution. *See, e.g.*, *State v. Holguin*, 177 Ariz. 589, 591 (App. 1993) ("Although [subsection 13-603.C] is silent as to when restitution must be assessed, generally it is at the time of sentencing."). The superior court, however, may set a reasonable deadline for filing a restitution claim. *See State v. Nuckols*, 229 Ariz. 266, 268, ¶ 5 (App. 2012) (superior court "may require the timely assertion of the right to avoid waiver") (quotation omitted). But our record does not show the superior court entered any such order here.

**¶12** All three defendants have long known E.H. claimed victim status in the murder of her brother. After the superior court initially denied her request to be treated as a victim under the VBR, E.H. sought relief from this court, which held she was entitled to "the rights guaranteed under" the VBR and related statutes. *Slayton I*, 245 Ariz. at 334, ¶ 10. The record, however, shows multiple instances—even after *Slayton I*—when the defendants' counsel and the superior court disregarded E.H.'s status by failing to include her counsel on correspondence, pleadings, and court orders as required by statute, and requiring her counsel to sit in the gallery during proceedings. *See* A.R.S. § 13-4437.D (once victim's counsel appears

in a case, they "shall be endorsed on all pleadings"); *Slayton II*, 249 Ariz. at 252, ¶ 25 ("victim's counsel should presumptively be permitted to sit before the bar when a victim's constitutional or statutory rights are directly at issue in a court proceeding"). Despite these hinderances, E.H.'s counsel sought to participate in proceedings and timely respond to filings.

¶13 Further, at the sentencing of Lenda Hester and Conlee, E.H. objected to the proposed restitution caps and plainly stated her intent to seek restitution. The defendants, therefore, were on notice of her forthcoming restitution claim and the possibility it might exceed the $500,000.00 cap. Though E.H. did not specify she would seek restitution for J.H.'s lost future wages, the superior court acknowledged Arizona's statutes and constitution do not require a victim to file a specific claim at the time of sentencing. E.H. then filed her claim while the validity of the restitution cap was pending before our supreme court in *Slayton II*. Lenda Hester and Conlee, therefore, were aware of both the amount and factual basis for E.H.'s claim when they chose not to withdraw from their plea agreements after the supreme court struck the restitution cap.

¶14 To be sure, E.H. must prove the amount of her loss to the superior court by a preponderance of the evidence. *See Slayton II*, 249 Ariz. at 253, ¶ 12. And all three defendants have "the right to be present, be represented by counsel, and challenge any request for restitution." *Id.* But our constitution and statutes place an "affirmative duty" on the superior court to address the merits of E.H.'s claim, a duty that cannot be avoided by arbitrarily denying the claim as untimely. *See Scroggins*, 168 Ariz. at 9.

## CONCLUSION

¶15 We accept special action jurisdiction and grant relief by vacating the superior court's order denying E.H.'s restitution claim as untimely. We remand the matter for an evidentiary hearing, expressing no opinion on the merits of her claim.



AMY M. WOOD • Clerk of the Court
FILED: AA