NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

ANGELA M. CHATFIELD, *Petitioner.*

No. 1 CA-CR 25-0475 PRPC

FILED 05-13-2026

Petition for Review from the Superior Court in Maricopa County
No. CR2022-112423-001
The Honorable Margaret B. LaBianca, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

DwaneCates.Com, PLLC, Phoenix
Dwane M. Cates
*Counsel for Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Andrew M. Jacobs delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge James B. Morse Jr. joined.

**J A C O B S**, Judge:

¶1 Angela Chatfield petitions this court for review from the dismissal of her notice of post-conviction relief filed under Arizona Rule of Criminal Procedure ("Rule") 33. We grant review of her petition but deny the relief she requests.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Chatfield pled guilty to one count of facilitation of fraudulent schemes and artifices. On February 14, 2024, the superior court sentenced her to three years of supervised probation. Restitution was left open to be determined, and after multiple continuances, the restitution hearing was scheduled for September 2025.

¶3 Before the restitution hearing, Chatfield moved to preclude expert testimony. The victims opposed Chatfield's motion, arguing: (1) the Arizona Rules of Evidence do not apply at restitution hearings; and (2) Chatfield's plea agreement specifically provided the court was not bound by the rules of evidence during sentencing, which includes restitution proceedings. On July 23, 2025, the court denied Chatfield's motion, reasoning that "[t]he restitution hearing is to the bench, not a jury, making a separate hearing regarding the reliability of an expert opinion and preclusion unnecessary."

¶4 On August 22, 2025, Chatfield filed a notice seeking post-conviction relief ("Notice") under Rule 33. Her Notice claimed she reasonably believed that she would be able to fully litigate the restitution claims through evidentiary objections and a Daubert hearing challenging the victims' expert witness, and that she didn't know she waived those rights by entering into the plea agreement. Chatfield thus argued her plea was not knowingly, voluntarily, or intelligently made, in violation of the both the United States and Arizona constitutions and the Arizona Rules of Criminal Procedure. *See* Ariz. R. Crim. P. 33.1(a).

¶5 Chatfield acknowledged her Notice was untimely because she filed it more than 90 days after the oral pronouncement of her sentence. But she argued the delay was not her fault because the basis of her claim — that her plea was involuntary because she did not know sentencing included restitution proceedings — was "recently discovered," thus excusing the untimeliness under Rule 33.4(b)(3)(B).

¶6 The superior court summarily dismissed Chatfield's Notice as untimely and insufficient. The court concluded Chatfield failed to

adequately explain why her Notice was filed untimely. It found her "[v]ague statements" could not justify Rule 33.1(f) relief because she did "not specify when she learned the rules did not apply, how soon thereafter she sought Rule 33.1(f) relief," or "why she and counsel could not have identified this factor in the exercise of reasonable diligence within 90 days after sentencing."

¶7         The superior court found her Rule 33.1(a) claims untimely and barred for the same reasons. Further, the court concluded Chatfield's constitutional claims were insufficient to warrant relief. It found Chatfield "signed the plea agreement, initialed each paragraph, and agreed that counsel had explained it to her," and explained that "Arizona law gave [Chatfield] and her counsel notice that the Arizona Rules of Evidence would not be enforced in the restitution proceeding irrespective of the plea agreement's terms." The court dismissed Chatfield's Notice because she had to "assert substantive claims and adequately explain why the claims are untimely," but had failed to do so.

¶8         Chatfield timely petitioned for review. We exercise our discretion to grant review. *See* Ariz. Const. art. 6, § 9; A.R.S. § 13-4239(G); Ariz. R. Crim. P. 33.16(k).

## DISCUSSION

¶9         We review the superior court's summary denial of post-conviction relief for an abuse of discretion: here, either legal error or an inadequate investigation of the facts needed to support the decision. *State v. Harden*, 228 Ariz. 131, 132 ¶ 3 (App. 2011). Chatfield bears the burden of establishing the superior court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011). We review the superior court's interpretation of the Arizona Rules of Criminal Procedure *de novo*. *State v. Macias*, 249 Ariz. 335, 339 ¶ 8 (App. 2020).

¶10        Rule 33.1 lists eight grounds for post-conviction relief, which proceed under two different timelines. Notices asserting claims under Rule 33.1(a), which covers "most traditional post-conviction claims," Ariz. R. Crim. P. 33.1(a) cmt., including constitutional claims, must be filed "within 90 days after the oral pronouncement of sentence." Ariz. R. Crim. P. 33.4(b)(3)(A). But the court must excuse an untimely Rule 33.1(a) notice if "the defendant adequately explains why the failure to timely file a notice was not the defendant's fault." Ariz. R. Crim. P. 33.4(b)(3)(D).

¶11        By contrast, notices asserting claims under Rules 33.1(b) through (h) are not subject to the 90-day timeline set forth in Rule

33.4(b)(3)(A), they need only be filed "within a reasonable time after discovering the basis for the claim." Ariz. R. Crim. P. 33.4(b)(3)(B).

## I. The Court Did Not Abuse its Discretion by Dismissing Chatfield's Claims as Untimely.

**¶12** Chatfield argues the court erred by dismissing her claims as untimely. She claims her Notice was timely under Rule 33.4(b)(3)(D) and Rule 33.1(f) "because the failure to file earlier was not [her] fault," and that she acted promptly to assert her rights after discovering her own error. Her arguments under both rules fail, as we next explain.

### A. The Superior Court Did Not Err in Dismissing Chatfield's Claims as Untimely in Light of Rule 33.4(b)(3)(D).

**¶13** Chatfield's claims are constitutional, so they fall within Rule 33.1(a). The court reviewed Chatfield's conclusory statements that she was blameless for her late filing and concluded she did not adequately explain why her failure to timely file a notice was not her fault. *See* Ariz. R. Crim. P. 33.4(b)(3)(D). Though her Petition states in some detail how and when she discovered her claims with her new counsel, Chatfield's Notice did not provide this information to the superior court. We cannot say that court abused its discretion by dismissing Chatfield's Notice as untimely.

### B. Rule 33.1(f) Does Not Make Chatfield's Claim Timely, and Is Not a Substantive Ground For Relief.

**¶14** Chatfield also argues her claim was timely in light of Rule 33.1(f), but that rule simply mirrors the legal standard set forth in Rule 33.4(b)(3)(D). *Compare* Ariz. R. Crim. P. 33.1(f) (making finding that "the failure to timely file a notice of post-conviction relief was not the defendant's fault" a ground for relief), *with* Ariz. R. Crim. P. 33.4(b)(3)(D) (providing that untimely filing of Rule 33.1(a) notice is excused if "the defendant adequately explains why the failure to timely file a notice was not the defendant's fault"). Because Rule 33.1(f) merely reprises the standard in Rule 33.4(b)(3)(D) under which Chatfield demonstrated no error, it provides no further basis for reversal here.

**¶15** Moreover, unlike each other subpart of Rule 33.1, Rule 33.1(f) does not provide a ground upon which post-conviction relief may be granted. To be sure, Rule 33.1(f) is listed among Rule 33.1's "[g]rounds for relief." And "[w]e interpret court rules according to the principles of statutory construction," *State v. Greene*, 255 Ariz. 37, 57 ¶ 76 (2023) (quoting *Phillips v. O'Neil*, 243 Ariz. 299, 301 ¶ 8 (2017)), meaning we give them their

plain meaning, *id.*, and we employ the surplusage canon, "which holds that if possible, 'every word and every provision [of a rule] is to be given effect.'" *Silver v. Pueblo Del Sol Water Co.*, 244 Ariz. 553, 572 ¶ 76 (2018) (Bolick, J., concurring in part) (quoting Antonin Scalia & Bryan Garner, *Reading Law: The Interpretation of Legal Texts* 174 (2012)). But the surplusage canon "'cannot always be dispositive' because '[s]ometimes drafters *do* repeat themselves and *do* include words that add nothing of substance.'" *State v. Brock*, 248 Ariz. 583, 598 ¶ 52 n.7 (App. 2020) (Johnsen, J., concurring in part) (quoting Scalia & Garner, *supra*, at 176-77).

**¶16** Rule 33.1(f) is such a case. Were we to give Rule 33.1(f) its plain meaning, *any* defendant who could establish that "the failure to timely file a notice of post-conviction relief was not the defendant's fault" would be entitled to post-conviction relief. Ariz. R. Crim. P. 33.1(f). Such defendants would not need to assert any other substantive claim challenging their judgment or sentence. Because this interpretation would lead to absurd results, we cannot accept it. *See State v. Estrada*, 201 Ariz. 247, 251 ¶ 17 (2001) ("A result is 'absurd "if it is so irrational, unnatural, or inconvenient that it cannot be supposed to have been within the intention of persons with ordinary intelligence and discretion."'" (quoting *Perini Land Dev. Co. v. Pima Cnty.*, 170 Ariz. 380, 383 (1992))). Instead, we construe it as a time-extending provision that restates the time-extending standard for Rule 33.1(a) claims in Rule 33.4(b)(3)(D), since a notice asserting any of the other Rule 33.1(b) through (h) grounds may be filed "within a reasonable time after discovering the basis for the claim," Ariz. R. Crim. P. 33.4(b)(3)(B), without recourse to Rule 33.1(f). In any event, because Rule 33.1(f) is a time-extending provision that does not contain a substantive ground that could entitle Chatfield to post-conviction relief, and because the court found Chatfield's notice untimely under Rule 33.4(b)(3)(D), there is nothing further for us to review.

## II. The Court Did Not Abuse its Discretion in Dismissing Chatfield's Claims as Insufficient.

**¶17** Chatfield also argues the court erred by dismissing her claims as insufficient. She reasserts that her plea was not voluntary, knowing, or intelligent, because neither the court nor her counsel advised her that in waiving the rules of evidence at sentencing, she was also waiving the rules of evidence at her restitution hearing. For the following reasons, the court did not err in dismissing Chatfield's constitutional claims as insufficient.

**¶18** The court correctly ruled that, despite Chatfield's assertions that her plea was not knowingly, intelligently, and voluntarily made, "she

signed the plea agreement, initialed each paragraph, and agreed that counsel had explained it to her." And as the court explained, the rules of evidence will not apply at Chatfield's restitution hearing as a function of Arizona law and "irrespective of the plea agreement's terms." *See* A.R.S. § 13-804(I) (Restitution orders "may be supported by evidence or information introduced or submitted to the court before sentencing or any evidence previously heard by the judge during the proceedings."); *State v. Quijada*, 246 Ariz. 356, 364 ¶ 24 (App. 2019) ("Restitution is part of the sentencing process, which is 'not surrounded by the panoply of protections afforded a defendant at trial'" and due process requires only "that a defendant be allowed 'the opportunity to contest the information on which the restitution award is based, to present relevant evidence, and to be heard.'" (quoting *State v. Fancher*, 169 Ariz. 266, 268 (App. 1991))).

**¶19** Further, in denying Chatfield's motion to preclude expert testimony, the court did not rely on her plea agreement's waiver of evidentiary rules. Instead, it reasoned "[t]he restitution hearing is to the bench, not a jury, making a separate hearing regarding the reliability of an expert opinion and preclusion unnecessary." At core, the ruling of which Chatfield complains is a function of Arizona law and is confirmed by — but not a result of — her plea agreement.

## CONCLUSION

**¶20** The superior court did not abuse its discretion in finding Chatfield's Notice failed to establish an entitlement to relief under Rule 33. We grant review but deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR