815 P.2d 5

**STATE of Arizona, Appellee,**

v.

**Shawn Ray HOWARD, Appellant.**

**No. 1 CA–CR 89–1366.**

Court of Appeals of Arizona, Division 1, Department B.

July 18, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Div., and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Paul C. Klapper, Deputy Public Defender, Phoenix, for appellant.

## OPINION

EHRLICH, Judge.

Shawn Ray Howard, the defendant, was convicted of aggravated assault. The charge arose from his involvement in an automobile accident which caused severe injuries to the driver of another vehicle. The trial court sentenced the defendant to an aggravated term of eight years in prison and ordered him to pay restitution in the amount of $128,547.52. The restitution amount included $17,500.00 estimated as necessary for the victim's future medical care and $12,000.00 for the victim's estimated future lost wages.

The defendant appealed, alleging that the trial court erred in ordering restitution for economic losses of the victim yet to be incurred at the time of sentencing. As a result, the defendant argues, he was denied his due process rights, including appropriate pleadings, discovery, and a right to a trial by jury on the specific issues of liability and damages. We disagree and affirm the sentence.

The issue of liability was settled by the defendant's plea of no contest to the charge of aggravated assault. A sufficient factual basis was found for the plea and, as the defendant was advised by the trial court, he thereby waived his right to further discovery and to a trial by jury on the question of whether he was guilty of aggravated assault. *See* Rules 17.2, 17.3, *A.R.Crim.P.; State v. Anderson*, 147 Ariz. 346, 350, 710 P.2d 456, 460 (1985). Payment of restitution accordingly could be ordered as he also was advised. *See State v. Pleasant*, 145 Ariz. 307, 308, 701 P.2d 15, 16 (App.1985) ("It is well settled that a defendant may be ordered to pay restitution only on charges that he has admitted, on which he has been found guilty, or upon which he has agreed to pay restitution. [Citation omitted.]").

In support of his argument, the defendant contends that projected future expenses are excluded by A.R.S. § 13–105(11), which uses the past tense, "incurred," to define economic loss:

[A]ny loss incurred by a person as a result of the commission of an offense.

Economic loss includes lost interest, lost earnings and other losses which would not have been incurred except for the offense. Economic loss does not include losses incurred by the convicted person, damages for pain and suffering, punitive damages or consequential damages.

To interpret the statute in the manner asserted by the defendant would defeat the intention of the legislature in enacting this and the other restitution statutes, and would create an irreconcilable conflict between A.R.S. § 13–105(11) and related statutory provisions. *See In re Maricopa County Appeal*, 15 Ariz.App. 536, 540, 489 P.2d 1238, 1242 (1971) (different statutory provisions dealing with same subject matter construed together to arrive at result in accord with intent expressed therein).

The legislature's enactment of A.R.S. § 13–603(C), a mandatory restitution statute, reflects its sense of responsibility for victims. *See State v. Monick*, 125 Ariz. 593, 595, 611 P.2d 946, 948 (App.1980) (statutory requirement of restitution as condition of probation recognizes increased consideration for victims of crimes). The statute provides:

If a person is convicted of an offense, the court shall require the convicted person to make restitution to the person who is the victim of the crime or to the immediate family of the victim if the victim has died, in the full amount of economic loss as determined by the court ...

This determination is to be made without consideration of the economic circumstances of the defendant. A.R.S. § 13–804(C). Thus, these statutes establish that "[t]he purpose of mandatory restitution is to make the victim whole, not to punish." *State v. Howard*, 163 Ariz. 47, 51, 785 P.2d 1235, 1239 (App.1989). *See also State v. Currie*, 150 Ariz. 59, 61, 721 P.2d 1186, 1188 (App.1986).

The defendant's proposed construction of the restitution statutes would not allow the trial court to determine the full amount of the victim's loss and would defeat the legislative purpose of "mak[ing] the victim whole." Under the defendant's argument,

the amount of restitution owed to the victim could be dictated by the timing of the disposition of the charges against the defendant and of the victim's recovery. A victim who was not seriously hurt by a defendant who chose to invoke his right to trial might have no future expenses by the time the trial concluded and the defendant was sentenced. The court then could determine the full amount of the victim's economic loss and could order restitution sufficient to make the victim "whole." On the other hand, another victim, one with major injuries like the victim in this case, might not have incurred all the expenses caused by the defendant by the time the defendant entered a plea agreement and was sentenced. In such a situation, a restitution order including only those expenses incurred as of the time of sentencing would not make the victim "whole."

While the award of restitution must "bear[ ] a reasonable relationship to the victim's loss," *State v. Scroggins*, 168 Ariz. 8, 9, 810 P.2d 631, 632 (App.1991), it cannot always be confined to "easily measurable damages." *Matter of Maricopa County Juvenile Action*, 147 Ariz. 153, 155, 708 P.2d 1344, 1346 (App.1985). Here, the restitution amounts awarded to the victim for future medical expenses and lost wages were calculated based upon the testimony of the victim and her attorney. The defendant did not object to or otherwise challenge the evidence in support of the projected expenses, nor has he established that the amount awarded for those expenses was not grounded on some reasonable basis. Moreover, the trial court made the award for future expenses with the caveat that the amounts would be adjusted downward if the victim's medical expenses proved to be less or if the victim was able to return to work sooner than anticipated.

We find that the trial court did not deny the defendant due process by ordering him to pay restitution for economic losses of the victim yet to be incurred at the time of sentencing. We hold that the full amount of a victim's economic loss includes not only those losses incurred at the time of sentencing, but also those losses reason-

ably anticipated to be incurred in the future as a result of the defendant's actions.

We have reviewed the record for fundamental error in accordance with A.R.S. § 13-4035 and have found none. For the foregoing reasons, the judgment and sentence imposed are affirmed.

JACOBSON, P.J., and EUBANK, J., concur.