NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

IRMA ANN TITTLE, *Appellant.*

No. 1 CA-CR 13-0218
FILED 2-25-2014

Appeal from the Superior Court in Maricopa County
No.  CR2011-005789-001
The Honorable Dawn M. Bergin, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz

*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato

*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Michael J. Brown joined.

---

**K E S S L E R,** Judge:

**¶1**        Appellant Irma Ann Tittle ("Tittle") was tried and convicted of three counts of custodial interference, each a class 4 felony and domestic violence offense, and sentenced to four years of probation. Tittle was ordered to pay $12,504.54 to the victim ("Father") beginning May 1, 2013 at the rate of $150 per month. Counsel for Tittle filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Clark*, 196 Ariz. 530, 2 P.3d 89 (App. 1999).[1] Finding no arguable issues to raise, counsel requests that this Court search the record for fundamental error. Tittle was given the opportunity to, but did not file, a supplemental brief. For the reasons that follow, we affirm Tittle's restitution order.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**        Tittle and Father were married until 2003 when Father filed for dissolution of marriage. *State v. Tittle*, 1 CA-CR 12-0370, at *1, ¶2 2013 WL 4326614 (Ariz. App. Aug. 15, 2013) (mem. decision). When the dissolution decree was filed in May 2003, Tittle was awarded sole custody of the couple's four children—a son and three daughters—with Father having weekly parenting time. *Id.* Approximately six months following the decree, Tittle moved to Texas with the children without informing Father. *Id.* at *1, ¶3. As a result, Father lost contact with Tittle and the children for more than five years. *Id.* at *1, ¶4. During this time, Father incurred fees related to the maintenance of a website he created in an effort to find his children. In February 2009, Father located the children and petitioned the family court to modify custody. *Id.* From October 2009 until April 2012 Father incurred legal costs associated with the family court proceedings. In addition to legal costs, Father also lost wages and vacation time to attend the family court proceedings.

---

[1] This appeal is limited to the restitution order filed March 13, 2013. Appellant's appeal from her convictions and probationary sentences were affirmed in a separate appeal, *State v. Tittle*, 1 CA-CR 12-0370, 2013 WL 4326614 (Ariz. App. Aug. 15, 2013) (mem. decision).

¶3        In January 2010, the family court issued a custody order ordering Tittle and Father to share joint legal custody of the children while allowing the children's primary residence to remain with Tittle in Texas. *Id.* The family court also ordered reunification therapy and visitation with Father. *Id.* In September 2010, the family court issued a civil arrest warrant for Tittle when she failed to appear with the minor children for a custody hearing. *Id.* at *1, ¶5. Father was also granted temporary sole custody of the children. *Id.* When Father returned to Texas to take custody, Tittle did not arrive at the neutral meeting place but instead fled with the children to a friend's house. *Id.* at *1, ¶6. Tittle was arrested in May 2011. *Id.* After a five-day trial, a jury found Tittle guilty of all counts based on her conduct from 2003 through October 2010.  *Id.* at *2, ¶8.

¶4        Restitution hearings were held December 14, 2012 and March 8, 2013.  Father introduced a spreadsheet chronologically outlining the expenses he claimed and copies of receipts from 2009 to 2012 seeking total restitution of $23,676.78.  Father was the sole witness at both hearings and testified regarding the expenses outlined in the spreadsheet.  Tittle objected to the inclusion of fees related to the maintenance of Father's website and the costs associated with the family court proceedings. Father testified that he only included one website charge per year and that he had at least one website completely dedicated to finding his children from 2003 to 2008.

¶5        The trial court found the website fees reasonable. The court also overruled Tittle's objection to the inclusion for family court expenses reasoning the family court proceedings would not have been necessary had Tittle not violated the law.  Accordingly, the court ordered restitution as follows: $741.56[2] for legal costs; $6869.48[3] for lost wages and vacation time; $4173.50 for therapy fees and; $720 for website maintenance fees, for a total award of $12,504.54.

¶6        Tittle timely filed a notice of appeal. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 (2010) and 13-4033(A). (2010).

---

[2] This includes $733.56 for family court legal costs and $8 for parking during Tittle's criminal trial.

[3] Father requested $6933.48 reimbursement for lost wages and vacation time using a $29 hourly wage estimate for 2009. In its final order, the trial court reduced this to $28 consistent with Father's annual raises from 2010 to 2012 as noted in a letter from his employer dated, August 22, 2012.

**STANDARD OF REVIEW**

**¶7**        In an *Anders* appeal, this Court must review the entire record for fundamental error. Error is fundamental when it affects the foundation of the case, deprives the defendant of a right essential to her defense, or is an error of such magnitude that the defendant could not possibly have had a fair trial and the error prejudiced the defendant. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19-20, 115 P.3d 601, 607 (2005); *State v. Gendron,* 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991). This Court will uphold the trial court's restitution award if the record substantially supports the court's conclusion that the award is reasonably related to the victim's loss. *See State v. Howard*, 168 Ariz. 458, 460, 815 P.2d 5, 7 (App. 1991). "The burden of proof applicable to restitution is proof by a preponderance of the evidence." *In re Stephanie B.*, 204 Ariz. 466, 470, ¶ 15, 65 P.3d 114, 118 (App. 2003).

**DISCUSSION**

**¶8**        Tittle was present at the restitution hearings and was represented by counsel. Tittle was present for the examination of State's witness, Father, at both the December 2012 and March 2013 restitution hearings, and was provided a copy of the spreadsheet and receipts at that time. Tittle's attorney cross-examined Father at the continued restitution hearing.

**¶9**        A trial court "may impose restitution only on charges for which a defendant has been found guilty, to which he has admitted, or for which he has agreed to pay." *State v. Lewis,* 222 Ariz. 321, 324, ¶ 7, 214 P.3d 409, 412 (App. 2009) (internal quotation marks and citation omitted). "A loss is recoverable as restitution if it meets three requirements: (1) the loss must be economic, (2) the loss must be one that the victim would not have incurred but for the criminal conduct, and (3) the criminal conduct must directly cause the economic loss." *State v. Madrid*, 207 Ariz. 296, 298, ¶ 5, 85 P.3d 1054, 1056 (App. 2004). A trial court can award restitution to victims for lost wages and annual leave time lost as a direct result of the defendant's criminal conduct. *See* Ariz. Const. art. 2, § 2.1(A)(8); *In re Ryan A.,* 202 Ariz. 19, 25, ¶ 29, 39 P.3d 543, 549 (App. 2002).

**¶10**        The record supports the restitution award.  Tittle was found guilty of custodial interference and ordered to pay restitution for economic losses associated with her criminal conduct. First, the trial court properly considered Father's lost wages and vacation time as well as costs

for reunification therapy because these costs were incurred as a result of Tittle's criminal conduct. Second, the court properly awarded fees related to the website. Tittle objected to the fees asserting that the website was used for personal reasons such as promoting his book and linking to other personal websites. The trial court found Father's testimony regarding the use of his website credible and Tittle did not present evidence to support her allegation that the site was maintained for alternative reasons. We defer to the trial court on determinations of witness credibility; thus, including Father's website fees in calculating restitution was not fundamental error. *See Gutierrez v. Gutierrez,* 193 Ariz. 343, 347, ¶ 13, 972 P.2d 676, 680 (App. 1998).

¶11 Third, the trial court properly awarded costs associated with the family court proceedings. Tittle objected to the costs on the grounds that the issues addressed in family court expanded beyond those directly related to Tittle's criminal conduct. Father testified that the family court matters related to changing custody and recalculating child support as a consequence of Tittle's taking the children from him and her subsequent incarceration. The trial court overruled Tittle's objection. Had the criminal conduct not occurred, the custody and child support orders would have continued as ordered in the original decree. There is no evidence in the record that the family court also awarded Father reimbursement for attending those hearings. Therefore, the trial court's inclusion of the family court costs in calculating restitution was not fundamental error.

¶12 The trial court's calculation of restitution also was accurate and supported by evidence submitted by the State. The spreadsheet prepared by Father noted the date, dollar amount, and a brief description of each expense. Attached to the spreadsheet were receipts, invoices, bank statements, and correspondence to support each expense. The only expenses that were not supported by a specific receipt were monthly charges for maintenance of the website and some postage and filing fees. In addition to being noted on the spreadsheet, charges without a corresponding receipt were supported by Father's testimony describing the purpose of the expense and the reason he did not have a receipt or invoice. Because the trial court did not err in calculating the total expenses incurred by Father, and because each expense was adequately supported by competent evidence, there is no fundamental error.

## CONCLUSION

¶13 After careful review of the record, we find no meritorious grounds for reversal or modification of Tittle's restitution order. The

evidence supports the order, the proceedings were conducted in conformity with the Arizona Rules of Criminal Procedure, and Tittle was present and represented at all stages of the restitution proceedings below. Accordingly, we affirm Tittle's restitution order.

**¶14** Upon the filing of this decision, counsel shall inform Tittle of the status of the appeal and her options. Defense counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Tittle shall have thirty days from the date of this decision to proceed, if she so desires, with a *pro per* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: mjt