NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE MARISSA C.

No. 1 CA-JV 21-0098
FILED 10-19-2021

Appeal from the Superior Court in Mohave County
No. S8015JV202000094
The Honorable Megan A. McCoy, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Harris & Winger PC, Flagstaff
By Chad J. Winger
*Counsel for Appellant*

Mohave County Attorney's Office, Kingman
By Deborah L. Herbert
*Counsel for Appellee*

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Maurice Portley[1] joined.

C A M P B E L L, Judge:

¶1        Marissa C. appeals the juvenile court's restitution order awarding D.W. (Victim) $9,352.89. We review a court's restitution order for an abuse of discretion and consider the facts in the light most favorable to upholding the award. *In re Andrew C.*, 215 Ariz. 366, 367, ¶ 6 (App. 2007). For the following reasons, we affirm.

## BACKGROUND

¶2        In June 2020, Marissa C. was a passenger in a stolen pick-up truck. The driver crashed the truck into multiple cars, eventually coming to rest with the front end wedged underneath a mobile home. Victim, the owner of the truck, requested a total of $9,522.14 in restitution, including $9,353.89 in estimated repair costs and $169.25 in towing expenses.[2] Pursuant to a disposition agreement, the court adjudicated Marissa C. delinquent of unlawful use of means of transportation, a class 6 undesignated felony. Marissa C. agreed to pay restitution, and the court scheduled a hearing to determine the amounts owed to the various victims.

¶3        At that hearing, the Victim testified that he took good care of his Ford F-150 truck, which he had owned for about six years, and that it was in "[e]xcellent condition" before it was stolen. After the crash the truck was not drivable, and he had it towed to a body shop. The body shop gave the Victim an estimate to repair the damage but told him that even if those repairs were made, the truck would not be safe to drive because the frame

---

[1]    The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2]    At the restitution hearing, the State noted that the amounts on Victim's restitution form were inaccurate and amended the form to reflect his actual towing charge of $45 and repair estimates in the amount of $9,352.89.

was bent. The Victim testified that a junkyard offered to buy the truck for $145, representing its salvage value.

¶4        During cross examination, the Victim testified he still owned the truck but did not intend to repair it. Marissa C. did not offer any evidence at the hearing, nor did she challenge the Victim's valuation of the truck for restitution purposes.

¶5        The court awarded the Victim restitution in the amount of $9,397.89, the total sum of Victim's estimated repair costs and actual towing expenses. Marissa C. timely appealed. She argues the court abused its discretion and lacked sufficient evidence to support the award.

## DISCUSSION

¶6        A juvenile who is adjudicated delinquent shall be ordered to pay full or partial restitution. A.R.S. § 8-344(A). The State has the burden to prove a restitution claim by a preponderance of the evidence. *In re Stephanie B.*, 204 Ariz. 466, 470, ¶ 15 (App. 2003). At a restitution hearing, the individual from whom restitution is sought must be "given the opportunity to contest the information on which the restitution award is based, to present relevant evidence, and to be heard." *State v. Fancher*, 169 Ariz. 266, 268 (App. 1991) (criminal case). "[T]his court will uphold the restitution award if it bears a reasonable relationship to the victim's loss." *In re Ryan A.*, 202 Ariz. 19, 24, ¶ 20 (App. 2002).

¶7        Marissa C. challenges the sufficiency of the evidence supporting the court's restitution award. She argues that the Victim's repair costs do not reflect his actual economic loss, which should have been the fair market value of the truck. She argues that because the court awarded the repair costs instead of the fair market value of the truck, it abused its discretion.

¶8        The purpose of restitution is to make the victim whole by "restoring the victim to his economic status quo that existed before" the offense. *In re William L.*, 211 Ariz. 236, 239, ¶¶ 11-12 (App. 2005). "To ensure that the victim is made whole, the court has broad discretion in setting the restitution amount based on the facts of the case." *Id.* at 239, ¶ 12.

¶9        Restitution is proper "for those losses that (1) are economic, (2) would not have occurred but for the juvenile's delinquent conduct, and (3) are directly caused by the delinquent conduct." *Andrew C.*, 215 Ariz. at

368, ¶ 9. Economic loss is "any loss incurred by a person as a result of the commission of an offense." A.R.S. § 13-105(16).

¶10          Economic loss may be calculated by comparing the difference between what the victim had before and after the offense. *Town of Gilbert Prosecutor's Office v. Downie*, 218 Ariz. 466, 469, ¶ 11 (2008). While fair market value is a common measure used to calculate economic loss, the trial court "has discretion to use other measures of economic loss when fair market value will not make the victim whole." *State v. Ellis*, 172 Ariz. 549, 550 (App. 1992) (criminal case). The court is not limited to awarding restitution for only the costs actually incurred at the time of the hearing. *See State v. Howard*, 168 Ariz. 458, 460 (App. 1991) (criminal case). Rather, the court looks to the facts of the case to determine the amount necessary to make the victim whole. *See William L.*, 211 Ariz. at 239, ¶ 12.

¶11          Here, before Marissa C.'s delinquent acts, the Victim had a truck that worked, while after her acts, he did not. The Victim requested the estimated costs to repair the damage to the truck caused by the crash. He testified that before the crash, his vehicle was in excellent condition, and after the crash, his vehicle needed more than $9,000 worth of repairs. The fact that the Victim did not intend to repair the truck does not preclude the court from awarding restitution in the amount of the repair estimates, as long as those estimates were reasonably related to the Victim's loss. Nor was there any evidence that the value of a different truck in the same condition before the delinquent acts would have been less than the cost of the repairs.

¶12          Marissa C. offers no authority to support her argument that economic loss should be measured only by the costs the Victim actually incurred or the fair market value of his property before the delinquent acts. The goal is to make a victim whole, in other words, to compensate a victim for the monetary losses caused by Marissa C.'s actions resulting in that loss.

¶13          Although Marissa C. argues she did not have the burden of proof at the hearing, that does not mean she was barred from offering evidence to support her calculation of a proper restitution award. Had she wanted to present evidence of the fair market value of the truck for the court's consideration, she was free to do so. She was also free to submit the replacement cost comparisons for a similar Ford F-150 truck if she thought it was appropriate. And she had the opportunity to contest the State's evidence, but she did not do so, other than cross-examining the Victim.

**¶14**          In sum, the State offered sufficient evidence to support the restitution award, and the court did not abuse its discretion in calculating that award.

## CONCLUSION

**¶15**          For the foregoing reasons, we affirm the court's restitution award to Victim.

