NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

E.H., *Petitioner,*

*v.*

THE HONORABLE DAN SLAYTON, Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for the County of COCONINO,
*Respondent Judge,*

LILLIAN HESTER; JASON CONLEE; LENDA HESTER, *Real Parties in
Interest.*

No. 1 CA-SA 24-0034

FILED 08-08-2024

Petition for Special Action from the Superior Court in Coconino County
Nos. CR2016-00433
CR2016-00434
CR2016-00435
The Honorable Dan R. Slayton, Judge

**JURISDICTION ACCEPTED AND RELIEF DENIED**

COUNSEL

Arizona Voice for Crime Victims, Phoenix
By Colleen Chase
*Counsel for Petitioner*

Law Office of Gregory T. Parzych, Chandler
By Gregory T. Parzych
*Counsel for Real Party in Interest Lillian Hester*

The Zickerman Law Office PLLC, Flagstaff
By Adam Zickerman
*Counsel for Real Party in Interest Jason Conlee*

Craig Williams Attorney at Law PLLC, Prescott Valley
By Craig Williams
*Counsel for Real Party in Interest Lenda Hester*

Coconino County Attorney's Office, Flagstaff
By Michael S. Tunink, Kory Koerperich
*Counsel for Real Party in Interest State of Arizona*

---

**MEMORANDUM DECISION**

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Anni Hill Foster and Judge Kent E. Cattani joined.

---

**H O W E**, Judge:

¶1 In this special action proceeding, E.H. challenges the trial court's order denying her restitution claim for her deceased brother J.H.'s future lost wages under the Victims' Bill of Rights ("VBR"), Ariz. Const. art. 2, § 2.1(A)(8). We accept special action jurisdiction but deny relief. Because E.H. has no "equally plain, speedy, and adequate remedy by appeal" of a denial of restitution claim, special action jurisdiction is appropriate. Ariz. R. P. Spec. Act. 1(a). We hold that six-year-old J.H.'s future lost wages did not qualify as restitution because no reasonable basis existed to determine the amount of those wages.

**FACTS AND PROCEDURAL HISTORY**

¶2 This is E.H.'s fourth special action petition in this case. In 2018, a jury convicted Lillian Hester of the abuse and murder of her six-year-old nephew J.H. The State also charged J.H.'s grandmother, Lenda Hester,[1] and Lillian's boyfriend, Jason Conlee, with J.H.'s death. They

---

[1] Because the parties share the same last name, we respectfully refer to them by their first names to avoid confusion.

2

ultimately pled guilty to the lesser charge of child endangerment. Under their plea agreements, they were jointly and severally liable for no more than $500,000 in restitution.

¶3        During Defendant Conlee's criminal proceedings, the trial court denied E.H.'s request to be treated as a victim. *See E.H. v. Slayton (Slayton I)*, 245 Ariz. 331, 332 ¶ 1 (App. 2018). E.H. sought special action review of that ruling, and this court held that she was a victim entitled to the rights guaranteed under the VBR and that she "must be permitted to exercise such rights in any prospective proceedings involving the crime committed against J.H." *Id.* at 334 ¶ 10.

¶4        E.H. also objected to the restitution caps in the plea agreements. The trial court upheld the caps and E.H. filed her second petition for special action relief, challenging the caps on restitution. *See E.H. v. Slayton (Slayton II)*, 249 Ariz. 248, 252 ¶ 6 (2020). This court declined jurisdiction, but the Arizona Supreme Court granted review and held that restitution caps in plea agreements required victims' consent. *Id.* at 252 ¶ 1. It vacated those portions of the plea agreements and directed the trial court "to allow the defendants the opportunity to move to withdraw from their plea agreements upon a showing that the inclusion of the cap on restitution was material and relevant to their decision to plead guilty." *Id.* at 256 ¶ 28.

¶5        While E.H.'s second petition for special action review pended before the Arizona Supreme Court, she filed a restitution claim. Based on her expert's calculations, E.H. sought a maximum of $3,322,880.20 for J.H.'s future lost wages. The trial court found E.H.'s claim untimely because she had failed to raise it at sentencing. After none of the defendants withdrew from their plea agreements relating to E.H.'s second petition for special action relief, E.H. filed her third petition for special action relief, challenging the denial of her restitution claim as untimely. *See E.H. v. Slayton (Slayton III)*, 251 Ariz. 289, 290 ¶ 1 (App. 2021). This court accepted jurisdiction and granted relief, holding that her claim for restitution should have been treated as timely and remanding for the trial court to address it. *Id.*

¶6        On remand, the parties briefed whether the matter of J.H.'s future lost wages were properly before the court, whether E.H. was the proper person to receive those wages as restitution, and whether the court still had jurisdiction over Lenda and Conlee because they had served their sentences for their crimes. The defendants argued that restitution for future lost wages was not appropriate because the lost wages (1) did not constitute an economic loss, but were consequential damages; (2) would not have been incurred "but for" the criminal conduct; and (3) were not directly caused

by the criminal conduct without the intervention of other causes. They also argued that while E.H. could receive restitution for her own losses the criminal conduct caused, she had no "standing" to represent her brother's estate in the future lost wages claim.

¶7        The trial court heard argument from the parties on these issues[2] and held that while E.H. was a victim under A.R.S. § 13-4401(19) and could assert all rights in place of J.H., she had no "standing to assert the particular, specific claim [J.H.'s future lost wages] for restitution" because the lost wages did not constitute an economic loss but consequential damages: "Lost earnings for a child victim, I find falls under consequential damages." The court found that J.H.'s future lost wages were "not [a] direct economic loss" to E.H. This special action followed.

**DISCUSSION**

¶8        E.H. argues that the trial court erred in ruling that (1) she had no "standing" as a victim to claim the future lost wages of her brother J.H. and (2) J.H.'s future lost wages were not an economic loss compensable as restitution but merely consequential damages. Restitution orders are reviewed for an abuse of discretion, and a trial court abuses its discretion by misapplying the law or basing its decision on incorrect legal principles. *State v. Reed*, 252 Ariz. 328, 331 ¶ 13 (2022). Interpretation of statutes and the constitution are reviewed de novo. *Id.*

¶9        The trial court did not abuse its discretion. Although E.H. presents her claims of error as separate errors, they are inextricably linked. The trial court agreed that E.H. was a victim under A.R.S. § 13-4401(19) who could assert J.H.'s rights and said so twice during the hearing. The rub for the trial court—the real issue—was whether future lost wages of the six-year-old J.H. constituted "economic loss" under A.R.S. § 13-105(16). Because the trial court found that future lost wages did not fall under the definition of "economic loss," but were "consequential damages," it ruled that E.H. had no "standing" to make that claim. By using the term "standing," the trial court arguably implied incorrectly that E.H. had no right to present a claim for restitution. *See Arcadia Osborn Neighborhood v. Clear Channel Outdoor, LLC*, 256 Ariz. 88, 93 ¶ 20 (App. 2023) (explaining that a party who lacks standing cannot bring its claim). But the trial court was not denying E.H. the status as the victim, merely ruling on the merits

---

[2]        E.H. has moved this court to grant leave to separately submit the transcript of the hearing, which we grant.

of her claim. E.H.'s argument about the trial court's inartful use of the term of "standing" does not warrant relief.

¶10      E.H.'s substantive argument also does not warrant relief. The trial court correctly ruled that the claim for J.H.'s future lost wages was more properly viewed as a claim for consequential damages, which are not compensable as restitution. A convicted person is required to make restitution to the victim of the crime "in the full amount of the economic loss as determined by the court." A.R.S. § 13-603(C). "Economic loss" means "any loss incurred by a person as a result of the commission of an offense," including "lost interest, lost earnings and other losses that would not have been incurred but for the offense." A.R.S. § 13-105(16). This "includes not only those losses incurred at the time of sentencing, but also those losses reasonably anticipated to be incurred in the future as a result of the defendant's actions." *State v. Howard*, 168 Ariz. 458, 460 (App. 1991). Consequential damages are excluded from this definition, however. A.R.S. § 13-105(16). Consequential damages "are such as are not produced without the concurrence of some other event attributable to the same origin or cause; such damage, loss, or injury as does not flow directly and immediately from the action of the party, but only from the consequences or results of such act." *State v. Morris*, 173 Ariz. 14, 17 (App. 1992) (quoting 25 C.J.S. *Damages*, § 2 at 617).

¶11      So to be compensable as restitution, the loss must be "economic" and incurred "but for" the criminal conduct, circumstances easily met in this case. *See Howard*, 168 Ariz. at 460 (finding future lost wages subject to restitution). But the loss must also be directly caused by the criminal conduct; "[i]f the loss results from the concurrence of some causal event other than the defendant's criminal conduct, the loss is indirect and consequential and cannot qualify for restitution." *State v. Wilkinson*, 202 Ariz. 27, 29 ¶ 7 (2002). The "causal nexus" between the conduct and the loss cannot be "too attenuated (either factually or temporally)." *State v. Guilliams*, 208 Ariz. 48, 53 ¶ 18 (App. 2004) (quoting *United States v. Vaknin*, 112 F.3d 579, 590 (1st Cir. 1997), *abrogated on other grounds by United States v. Booker*, 543 U.S. 220 (2005)). This circumstance is not met here.

¶12      Although E.H. presented expert testimony about the earning expectations of a six-year-old over his lifetime under various educational achievement scenarios, the defendants argued that these earning amounts were speculative, given the myriad causal factors that would determine J.H.'s lifetime earnings. The defendants were correct. Which education level would J.H. likely have attained? Where would he have lived and under which social and economic conditions would he have lived? How long

would he have lived? E.H. did not—could not—present evidence answering these questions. Without such answers, the trial court had no basis to choose which, if any of the expert's earning ranges were the correct ones to select as restitution. The causal nexus between the defendants' criminal conduct and J.H.'s future lost wages is simply too attenuated, both factually and temporally. *See Guilliams*, 208 Ariz. at 53 ¶ 18.

¶13        This is not to hold that future lost wages can never be awarded as restitution. This court did so in *Howard*, 168 Ariz. at 460. The difference, however, is that the victim in that case had been working before the crime occurred and presented evidence of the amount of future wages she would lose, a modest $12,000. *Id.* at 459. The trial court there could calculate the amount of future wages lost based on the victim's testimony. *Id.* at 460. More than that, "the defendant did not object to or otherwise challenge the evidence in support of the projected expenses, nor [did] he establish[] that the amount awarded for those expenses was not grounded on some reasonable basis." *Id.* Here, so many undetermined causal factors contributed to the six-year-old J.H.'s projected earnings that the trial court had no basis to validly calculate an amount. And the defendants openly challenged the validity of E.H.'s evidence, arguing it had no reasonable basis. The argument and evidence supporting future lost wages was inadequate in this case. The trial court thus did not abuse its discretion in finding that J.H.'s future lost wages were consequential damages not subject to restitution.

## CONCLUSION

¶14        For the foregoing reasons, we accept jurisdiction but deny relief.

