IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

G.F., *Petitioner,*

*v.*

THE HONORABLE DALE P. NIELSON, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of NAVAJO,
*Respondent Judge,*

STATE OF ARIZONA ex rel. BRAD CARLYON, Navajo County Attorney;
MELINDA PORTER, *Real Parties in Interest.*

No. 1 CA-SA 24-0105

FILED 09-03-2024

Petition for Special Action from the Superior Court in Navajo County
No.  SO900CR201900924
The Honorable Dale P. Nielson, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Michael P. Denea, PLC, Phoenix
By Michael P. Denea
*Counsel for Petitioner*

Navajo County Attorney's Office, Holbrook
By Bradley W. Carlyon
*Counsel for Real Party in Interest State of Arizona*

Griffen & Stevens Law Firm, PLLC, Flagstaff
By Bruce S. Griffen
*Counsel for Real Party in Interest Melinda Porter*

---

## OPINION

Judge David D. Weinzweig delivered the opinion of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Jennifer M. Perkins joined.

---

**W E I N Z W E I G**, Judge:

¶1 At issue here is whether a crime victim is entitled to restitution for the cost of a mental health diagnostic evaluation from the perpetrator who groomed him. Melinda Porter ("Porter") pled guilty to having committed three felonies against the crime victim ("Victim"), including attempted kidnapping, furnishing harmful items to a minor and aggravated assault with sexual motivation. Victim timely requested restitution from Porter for a mental health diagnostic evaluation to determine if and how her crimes caused him trauma. The superior court denied that request, and Victim petitioned for special action relief. We accept jurisdiction and grant relief because Victim raised a colorable claim for restitution and the court should have conducted an evidentiary hearing to determine whether Victim suffered a compensable economic loss.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Porter was a 36-year-old high school science teacher when she formed an inappropriate relationship with Victim, her then 14-year-old student. Porter and Victim flirted for months in 2018 and 2019, including in class. They talked about having sex and Porter later texted the minor photographs of her naked breasts and vagina. A student told police that Porter "would sit next to [Victim] at lunch and sometimes he would go into her classroom at lunch," which "would be locked and the lights off, so it was not possible to see what they were doing inside."

¶3 Students and faculty noticed Porter's affection for Victim, which spawned rumors of an illicit relationship. In September 2019, a concerned parent reported Porter to the high school, where Porter's brother-in-law was the principal.

¶4 Police interviewed Porter. She admitted she sent naked photographs to Victim. She also admitted she picked up Victim from his house, drove around town and they kissed. She denied that they had sexual intercourse, although Victim told his family otherwise.

¶5    Porter was arrested and spent one night in jail.  She pled guilty to three felonies: (1) attempted kidnapping, a dangerous crime against children, and a class 3 felony, (2) aggravated assault with sexual motivation, a class 6 felony, and (3) furnishing harmful items to a minor, a class 4 felony.  The superior court sentenced Porter to five years probation, required her to register as a sex offender and ordered her to pay up to $100,000 in restitution to Victim.  The plea deal authorized the court to extend her probation if she does "not pay restitution in full."

¶6    After Porter's arrest, Victim was bullied and harassed by students and faculty alike.  Students accused him of lying and claimed he wanted to ruin Porter's life.  Victim sunk into a deep depression.  His sister said the "family noticed a change in his personality," describing him as "angry."  Victim's father asked the school to pay for professional counseling services, but the school refused, instead offering to have its principal (Porter's brother-in-law) "counsel" Victim himself.  Victim declined that offer.  Victim's family was also targeted.  His father lost his job and his grandparents were ostracized in the tight-knit community.

¶7    Victim dropped out of 10th grade and ran away from home.  He used drugs "to be emotionally numb," and sold drugs for a living.  By the end of 2022, just after he turned 18 years old, Victim was convicted of drug-related felonies.

¶8    In early 2023, Victim requested $8,750 in restitution from Porter to secure a mental health evaluation to determine if and how Porter's crimes caused him trauma.  Depending on the result of the evaluation, Victim intended to seek restitution for mental health services.  The superior court declined that request without an evidentiary hearing, finding:

> [T]he request for restitution is speculative.  The request does not fit into the definition of economic loss.  It is possible that the assessment would determine [Victim] suffered no trauma from the acts of [Porter], but perhaps were caused by other factors in his life.  It is possible [Victim] does not suffer trauma.  If the assessment were to determine that [Victim] is not in need of any help how would [Porter] be reimbursed for what was an unnecessary expense.  This ruling does not prevent [Victim] from receiving an evaluation at some point, which could point to personal issues cause[d] by [Porter], which would require treatment and would thus warrant restitution because there is actual economic loss.

**¶9** Porter moved to terminate probation early, lamenting that she could not attend high school or church events because of her probation and sex-offender status.

**¶10** Victim petitioned for special action relief from the superior court's denial of the restitution order. We stayed the proceedings to preserve Victim's opportunity to seek relief. We now accept jurisdiction and grant relief.

## JURISDICTION

**¶11** Special action jurisdiction is discretionary. *City of Surprise v. Ariz. Corp. Comm'n*, 246 Ariz. 206, 209, ¶ 6 (2019). Special action relief is not available where there is a plain, speedy, and adequate remedy by appeal. *See* Ariz. R. P. Spec. Act. 1(a).

**¶12** Arizona crime victims have a constitutional right to seek special action relief when necessary to enforce their right to restitution. *See* Victims' Bill of Rights, Ariz. Const. art. II, § 2.1(A)(4), (8)–(9); A.R.S. §§ 13-4437(A), -804; Ariz. R. Crim. P. 39(b)(7). Consistent with Rule 1(a) of the Rules of Procedure for Special Actions, we have exercised our special action jurisdiction to allow victims to pursue claims that would otherwise be extinguished without a hearing. *See L.H. v. Vandenberg*, 256 Ariz. 44, 47, ¶ 7 (App. 2023); *E.L. v. Carman*, 252 Ariz. 173, 175, ¶ 7 (App. 2021).

**¶13** Porter has moved for early termination of her probation, which would foreclose Victim's right to restitution from her. *See* A.R.S. § 13-805(A). We accept special action jurisdiction because an erroneous termination of Porter's probation would leave Victim without any remedy, even if his claim for restitution is meritorious.

## DISCUSSION

**¶14** Arizona crime victims own a constitutional and statutory right to secure restitution from the person convicted of the criminal offense against them. Ariz. Const. art. II, § 2.1(A)(8); A.R.S. §§ 13-804, -603(C); *State v. Reed*, 252 Ariz. 328, 330, ¶ 7 (2022) ("The Victims' Bill of Rights enshrined in our state constitution guarantees crime victims prompt restitution from the person or persons convicted of the criminal conduct that caused the victim's loss or injury.") (cleaned up). Restitution is designed "to make the victim whole and to make the offender recognize the specific consequences of [her] criminal activity and accept responsibility for those consequences." *State v. Freeman*, 174 Ariz. 303, 306 (App. 1993) (cleaned up). We review the

denial of a restitution order for an abuse of discretion. *Reed*, 252 Ariz. at 331, ¶ 13.

**¶15** Full economic restitution is mandatory in criminal cases. A.R.S. §§ 13-603(C), -804. To that end, Arizona courts have an "affirmative duty to require a defendant convicted of a crime to make full restitution for the economic loss sustained by the victim." *State v. Zierden*, 171 Ariz. 44, 45 (App. 1992). Arizona law defines "economic loss" as:

> [A]ny loss incurred by a person as a result of the commission of an offense. Economic loss includes lost interest, lost earnings and other losses that would not have been incurred but for the offense. Economic loss does not include losses incurred by the convicted person, damages for pain and suffering, punitive damages or consequential damages.

A.R.S. § 13-105(16).

**¶16** The medical expenses of a crime victim qualify as an "economic loss," including mental health expenses. *Reed*, 252 Ariz. at 332, ¶ 18 (affirming restitution order for defendant to cover mental health counseling and therapy costs for victim of a sexual crime); *State v. Wideman*, 165 Ariz. 364, 369 (App. 1990) (awarding a victim's family restitution for mental health counseling expenses).

**¶17** Porter argues that Victim cannot receive restitution here because (1) he has not been diagnosed, and (2) he failed to show a connection between her crimes and his mental health issues. We address each argument in turn.

**¶18** Crime victims bear the burden to prove that restitution is appropriate by the preponderance of the evidence. *State v. Lewis*, 222 Ariz. 321, 324, ¶ 7 (App. 2009). But a crime victim need only state a colorable claim for relief to obtain an evidentiary hearing, as in the post-conviction relief context. *State v. Quijada*, 246 Ariz. 356, 362, ¶ 14 (App. 2019) ("The court determined, however, that Quijada presented a colorable claim about whether stolen items had been recovered or returned since the court issued the restitution order, and scheduled an evidentiary hearing on that issue."); *Reed*, 252 Ariz. at 330, ¶ 4 (a "restitution hearing" was held to determine whether restitution was proper for "mental health counseling sessions"); *cf.* Ariz. R. Crim. P. 32.13(a) ("The defendant is entitled to a hearing to determine issues of material fact and has the right to be present and to subpoena witnesses for the hearing.").

## I.    Diagnosis.

**¶19**        Economic restitution is available if losses are (1) economic, (2) would not have been incurred by the victim but for the criminal offense, and (3) directly caused by the criminal conduct. *Reed*, 252 Ariz. at 330, ¶ 9 (citing *State v. Wilkinson*, 202 Ariz. 27, 29, ¶ 7 (2002)).

**¶20**        Porter concedes that Victim's expenses for mental health services could qualify as an "economic loss," but contends that Victim must first obtain a formal diagnosis before requesting restitution. Her position is unsupported and incorrect. Arizona law does not require crime victims to obtain a mental health diagnosis before restitution is requested. *See* A.R.S. §§ 13-603(C), -105(16). And her position improperly attempts to create "unnecessary and onerous prerequisites" to vindicating Victim's rights here, which we will not do. *See Quijada*, 246 Ariz. at 371, ¶ 51 ("A victim's decision to seek restitution turns on a cost-benefit assessment and courts should be careful not to disrupt the calculus with unnecessary and onerous prerequisites.") (Weinzweig, J., special concurrence).

## II.    Causation.

**¶21**        Porter next argues she need not pay for a mental health evaluation because any connection between those services and her crimes is speculative. Without holding an evidentiary hearing, the superior court found that Victim's mental health issues were not tied to Porter's crimes. That was error.

**¶22**        The Arizona Constitution protects a crime victim's right to seek an order if necessary to protect their right to restitution. Ariz. Const. art. II, § 2.1. As to the third element for economic loss, Arizona courts use a "foreseeability" or "natural consequence" test to evaluate whether an economic loss was directly caused by the criminal offense. *State v. Morris*, 173 Ariz. 14, 17–18 (App. 1992) (directing courts to consider the "nature and character of the criminal activity").

**¶23**        Victim raised a colorable claim for restitution here, so the superior court was required to hold an evidentiary hearing. A.R.S. § 13-804(G) (authorizing the court to hold evidentiary hearing to establish the amount and manner of restitution). It did not. We vacate the court's denial of request for restitution and remand for the court to hold an evidentiary hearing.

### III.    Evidentiary Hearing.

**¶24**        Having remanded for an evidentiary hearing, we offer more direction to the superior court.    Victim is entitled to "reasonably anticipated" medical expenses.  *State v. Howard*, 168 Ariz. 458, 460 (App. 1991).

**¶25**        At issue in the evidentiary hearing is whether it was "foreseeable" or "reasonably anticipated" that Victim might seek a mental health evaluation, along with mental health treatment, given Porter's crimes.  *Howard*, 168 Ariz. at 460; *Reed*, 252 Ariz. at 332, ¶ 18 ("Indisputably, an economic loss flowing directly from [the crime of voyeurism] was the cost [victim] incurred for therapy sessions to ameliorate the nightmares, anxiety, and other mental distress she suffered because of [defendant's] conduct."); *Paroline v. United States*, 572 U.S. 434, 457 (2014) (recognizing victim of sexually motivated crimes may receive restitution to heal psychological harm, including future counseling and treatment).

**¶26**        On remand, the court must determine if, and how much, Porter owes Victim to compensate for full economic losses.  *See E.H. v. Slayton*, 251 Ariz. 289, 292, ¶¶ 14–15 (App. 2021) (special action remanded for evidentiary hearing to determine if, and how much restitution is warranted, including for future losses).  If Porter has not compensated Victim for his full economic losses arising from Porter's crimes (including those "reasonably anticipated" in the future), then the court must deny Porter's motion for early termination of probation and retain jurisdiction until she has paid in full. A.R.S. § 13-805(A).

### CONCLUSION

**¶27**        We vacate the denial of Victim's request for restitution, lift the stay of proceedings, and remand for proceedings consistent with this opinion.

**¶28** Victim requests his attorney fees for this special action under A.R.S. § 13-4437 and *Reed*, 252 Ariz. at 332–35, ¶¶ 21–30. Because counsel was "reasonably necessary to assist [Victim] in enforcing" his constitutional rights, *Reed*, 252 Ariz. at 335, ¶ 30, we grant his request for reasonable attorney fees and costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AGFV